### HYDRICK v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

### Opinion delivered May 10, 1915.

ACTIONS—PERSONAL INJURIES—SINGLE ACTION.—Where plaintiff was injured by the negligence of defendant railway company, he must, in an action for damages, demand all the damages which he has suffered or ever will suffer from the injury, grievance or cause of action upon which his cause of action is founded; he can not split a cause of action and bring successive suits for parts, because he may not be able at first to prove all the items of the demand, or because all the damages have not been suffered.   If he attempts to do so, a recovery in the first suit, though for less than his whole demand, will be a bar to a second action.

Appeal from Cross Circuit Court; *W. J. Driver,* Judge; affirmed.

*M. B. Norfleet* and *J. M. Prewett,* for appellant.

1.   Appellant is not estopped by the former judgment.   The question as to loss of time and diminished earning power was not adjudicated in the former suit, and hence is not *res judicata.*   66 Ark. 343; 96 *Id.* 89; 97 *Id.* 456; 62 *Id.* 76; 2 Black on Judg., § 609, p. 925; Wells Rep. Adj., § 14, p. 18; 66 Ala. 345; 86 N. W. 317; 35 So. 306; 29 *Id.* 847; 86 S. W. 47.

2.   A point or question is not concluded by a judgment, although it was involved in the action, if it was withdrawn, abandoned or *stricken out on motion.*   11 Ark. 666; 4 So. 554.   No question is settled until it is finally litigated.   48 N. W. 919; 48 S. W. 152; 48 S. E. 33; 48 Tex. 491; 34 Ark. 117; 55 Am. Dec. 301; 66 *Id.* 518; 96 *Id.* 733; 62 Am. Dec. 546; 96 *Id.* 772; 47 Ark. 351; 39 Mich. 254; 1 Cyc. L. & Pr. note, p. 702.

*Troy Pace* and *Gordon Frierson,* for appellee.

1.   A cause of action for a completed tort as to one person is single and indivisible.   A personal injury from a single wrongful act or negligence is an entirety and only one action can be brought.   The question is *res judicata.* The cause of action and the damages sought and recovered are an entirety.   Causes of action can not be split, and successive suits brought.   One recovery bars any further suit.   Suth. on Dam., § 1251; 23 Cyc. 1188; 2 Black on Judgments, § 738; 1 Freeman on Judgments, § 241; 1 Hale on Torts, § § 241, 114, p. 222; 101 Ark. 90, 94; 35 *Id.* 622; 93 *Id.* 46; 32 Am. Dec. 448; 40 N. W. 520; 24 Minn. 4; 125 Mass. 330; 23 Cal. 385; 43 Miss. 710; 69 Ill. 556; 18 Ark. 347; 96 *Id.* 89; 97 *Id.* 450; 67 *Id.* 76.

2.   Appellant's cause of action was merged.   2 Black on Judgments, § 674; 66 Ark. 409; 64 *Id.* 94; 2 Smith Lead. Cas., p. 1312.

HART, J.   On the 31st day of October, 1914, I. P. Hydrick instituted this action against the St. Louis, Iron Mountain & Southern Railway Company to recover damages for personal injuries alleged to have been sustained by him while alighting from one of defendant's passenger trains in consequence of the alleged negligence of the defendant.

The defendant interposed the plea of *res judicata* upon the following facts:   On the 17th day of May, 1912, Hydrick was a passenger on one of defendant's passenger trains from Newport to Swifton.   After the train stopped at Swifton, it was suddenly jerked forward with great violence and thereby caused Hydrick to be injured while he was alighting from the train.   He instituted an action against the railway company to recover damages for the injury sustained.   In 1911 he was convicted of murder in the second degree and was sentenced to serve eleven years in the State penitentiary.   The judgment and sentence of conviction were in effect at the time he instituted said action and at the time of the trial.   Before the case was submitted to the jury, he dismissed his cause of action as to the loss of time and diminished earning

capacity, and the only elements of damages submitted to the jury were those of pain and suffering, medical attention, disfigurement and humiliation arising from said disfigurement.

The jury found for the plaintiff and assessed his damages at $7,749. The defendant railway company appealed to the Supreme Court, and the judgment was affirmed. See, *St. Louis, I. M. & S. Ry. Co.* v. *Hydrick,* 109 Ark. 231.

Subsequently, Hydrick was pardoned by the Governor, and thereafter instituted this action to recover damages for the same injury, his contention being that because he was pardoned by the Governor, he is now entitled to recover for his loss of time and diminished earning capacity.

The circuit court sustained the plea of *res adjudicata,* and the plaintiff has appealed.

The judgment of the circuit court was right. The cause of action and the damages recovered therefor are an entirety. The party injured must demand all the damages which he has suffered or ever will suffer from the injury, grievance or cause of action, upon which his action is founded. He can not split a cause of action and bring successive suits for parts, because he may not be able at first to prove all the items of the demand, or because all the damages have not been suffered. If he attempted to do so, a recovery in the first suit, though for less than his whole demand, will be a bar to the second action. See Sutherland on Damages (3 ed.), volume 1, section 106.

In volume 4, section 1251, the same author says: "A personal injury from a single wrongful act or negligence, is an entirety and affords grounds for only one action. In that action recovery may be had for all damages suffered up to the time of the trial, and for all that are shown to be reasonably certain or probable to be suffered in the future; or such as it is fair to believe will be so suf-

fered.   Such prospective damages may include compensation for pain, disability and expenses.   For this reason it is important in cases of serious injury to determine the permanence of any disability or reduction of workng capacity or impairing effect upon the health resulting therefrom.''   See also, Black on Judgments, volume 2, section 738; Freeman on Judgments, volume 1, section 241; Hale on Torts, section 114.

In *Foss* v. *Whitehouse* (Maine), 48 Atl. 109, the rule is stated as follows:

"It is common learning that a plaintiff can not thus split up a cause of action, and bring several actions for the different items of damage, resulting from the one cause of action.   If he does bring an action for some only of which items of damage, he is barred from bringing another action for any other items of damage from the same cause.''

In *Warner* v. *Bacon,* 8 Gray (Mass.) 397, the rule is thus tersely stated:   "A fresh action can not be brought unless there be both a new unlawful act and fresh damage.''   See, also *City of North Vernon* v. *Voegler,* 103 Ind. 314; *Curtiss* v. *Rochester & Syracuse Railroad Co.,* 20 Barber (New York) 282.

In the application of these general principles, it is held that where a deceased in his lifetime brings an action and recovers damages for injuries sustained, his representative can not maintain an action for damages where death results from the same injury for which the recovery was had.   This is so because there can be only one recovery and a recovery adjudicates the whole right. 3 Elliott on Railroads (2 ed.), section 1375.

The defendant was guilty of but one wrong, and can be subjected to but one action for it by the same party. The recovery in the first action is a bar to the present action.

The judgment will be affirmed.