Roger A. MAILLOUX, Plaintiff, Appellee,

v.

Daniel R. KILEY et al., Defendants, Appellants.

No. 7815.

United States Court of Appeals, First Circuit.

Jan. 14, 1971.

Kevin M. Keating, Boston, Mass., Charlotte Anne Perretta, Michael J. Batal, Sr., Lawrence, Mass., and Crane, Inker & Oteri, Boston, Mass., on motion for appellants.

John H. Henn and Daniel D. Levenson, Boston, Mass., in opposition to motion for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

In this school teacher discharge case, we are requested to intervene by way of a stay pending appeal in a delicate, as well as difficult, area. The court in no way regrets its decision in Keefe v. Geanakos, 1 Cir., 1969, 418 F.2d 359, but it did not intend thereby to do away with what, to use an old-fashioned term, are considered the proprieties, or to give carte blanche in the name of academic freedom to conduct which can reasonably be deemed both offensive and unnecessary to the accomplishment of educational objectives. Cf. Close v. Lederle, 1 Cir., 1970, 424 F.2d 988, cert. denied, 400 U.S. 903, 91 S.Ct. 141, 27 L.Ed.2d 140. Here, particularly, such questions are matters of degree involving judgment on such factors as the age and sophistication of students, relevance of the educational purpose, and context and manner of presentation.

Passing the aspect of the present students being a year younger, in spite of similarities we see possible differences between an English teacher discussing the content and meaning of a serious piece of writing, and engaging in a discussion of social mores in the use of language with a chalking of a socially taboo word on the blackboard. We cannot presently pass upon the district court's assumption that every adolescent girl knows the word in question, or the complementary one that she needs to know, or to have the word used in class. We do suggest that the fact that there was no regulation proscribing the use of particular language does not alone compel a conclusion that due process was violated. Finally, we say that the court does not intend to referee every debatable dispute between school teachers and their employers simply because academic freedom may arguably be involved. We will not superimpose our judgment on the school authorities unless, in a constitutional area, we consider their decision plainly wrong.

We find ourselves in something of a dilemma. Whichever way we rule with regard to a stay of the district court's preliminary injunction ordering the school committee to return the teacher to work pending trial, might be interpreted as an indication that the prevailing party had, in our opinion, a high probability of ultimate success when all the evidence has been received. We are not prepared at this point to say this as to either party. However, there is a burden on appellant to show an abuse of the district court's discretion on the record before it. On this basis we will not stay the preliminary injunction pending appeal. Correspondingly, we see no useful purpose to be served by processing an appeal on this single issue. The appeal is dismissed without prejudice, and the district court is instructed to proceed promptly with a trial on the merits. In the meantime the preliminary injunction will remain in effect, unless the district court otherwise orders. It is a condition of this injunction that plaintiff will not meanwhile engage in any similar conduct.