**Roger A. MAILLOUX, Plaintiff, Appellee,**

v.

**Daniel P. KILEY et al., Defendants, Appellants.**

**No. 71–1130.**

United States Court of Appeals, First Circuit.

Sept. 23, 1971.

Kevin M. Keating, Boston, Mass., with whom Joseph S. Oteri, Charlotte Anne Perretta, Crane, Inker & Oteri, Boston, Mass., Michael Batal, Jr., Michael Batal, Batal & Batal, Lawrence, Mass., J. Kevin Leary, Gerard F. Doherty, Boston, Mass., were on briefs, for appellants.

John H. Henn, Boston, Mass., with whom Daniel D. Levenson and Foley, Hoag & Eliot, Boston, Mass., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This case is back after trial, following our earlier decision in regard to a preliminary injunction. 436 F.2d 565 (1971). In the light of defendants' present argument we may have there indicated a departure from Keefe v. Geanakos, 1 Cir., 1969, 418 F.2d 359, that we did not intend. On the facts of that case we held that the teacher's conduct could not properly subject him to suspension, on both substantive First Amendment and procedural due process grounds. We also recognized, however, that free speech does not grant teachers a license to say or write in class whatever they may feel like, and that the propriety of regulations or sanctions must depend on such circumstances as the age and sophistication of the students, the closeness of the relation between the specific technique used and some concededly valid educational objective, and the context and manner of presentation.

With all respect to the district court's sensitive effort to devise guidelines for weighing those circumstances, 323 F.Supp. 1387, we suspect that any such formulation would introduce more problems than it would resolve. At present we see no substitute for a case-by-case inquiry into whether the legitimate interests of the authorities are demonstrably sufficient to circumscribe a teacher's speech. Here, however, in weighing the findings below we confess that we are not of one mind as to whether plaintiff's conduct fell within the protection of the First Amendment.

However, we find the ground relied on below as dispositive as both sound and sufficient. Defendants point to a statement in the Code of Ethics of the Education Profession that the teacher "recognizes the supreme importance of the pursuit of the truth, devotion to excellence and the nurture of democratic citizenship." As notice to the plaintiff that he should not have engaged in the act in question, this standard, although laudable, is impermissibly vague. It cannot justify a post facto decision by the school authorities that the use of a particular teaching method is ground for discharge, or other serious sanction, simply because some educators disapprove of it. The district court found that the plaintiff's conduct was within standards responsibly, although not universally recognized, and that he acted in good faith and without notice that these defendants, as his superiors, were not of that view. Sanctions in this circumstance would be a denial of due process.

Affirmed.