DANNIE DEVOID PICKARD *v.* SHARON STONE STEWART

5-6162                                   491 S.W. 2d 46

Opinion delivered February 26, 1973

*Atchley, Russell, Hutchinson, & Waldrop,* by: *Victor Hlavinka,* for appellant.

*Lynne Cooksey* and *Charles G. Hall,* for appellee.

CARLETON HARRIS, Chief Justice. Sharon Stone Stewart, appellee herein, instituted proceedings against Dannie DeVoid Pickard for damages allegedly sustained in an automobile accident on October 5, 1968. Appel-

lant admitted liability but the cause was tried before a jury to determine the only remaining question—the proper amount of damages. A verdict was returned assessing damages at $6,000, and from the judgment so entered, appellant brings this appeal. For reversal, two points are asserted, it first being contended that the trial court erred in allowing into evidence statements by Dr. George M. Hilliard that he made his examination at the request of, and was paid by, a liability insurance carrier.

Dr. Hilliard's discovery deposition had been taken at the instance of counsel for appellant, but the deposition was offered at the trial by appellee. Ark. Stat. Ann. § 28-348 (f) (Repl. 1962) provides that the introduction into evidence of the deposition or any part thereof for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition. Appellant objected to two portions of the deposition being read, and moved to strike such portions, but the motion was denied by the court. Dr. Hilliard had been asked the occasion for his having seen Mrs. Stewart in 1968. The portion sought to be excluded then provides:

"Q. Back in 1968?

A. I was asked by Mr. Billy Stone of the Gulf Insurance Company to examine her with regard to possible spine injuries she may have received in an automobile accident in October of '68."

Subsequently, another portion included in the objection was read as follows:

"Q. Do you know who Mr. Billy Stone works for?

A. Yes, sir. I believe he said he works for the —he's an agent for the Gulf Insurance Company in Tyler, Texas.

Q. Okay. And did Gulf Insurance pay your bill for that first visit?

Q. Yes. On December 12th, 1968."

The objections were made on the basis of the contention that these answers unnecessarily injected the existence of insurance in the case, and, says appellant, were prejudicial, entitling him to a reversal of the judgment. We have held in numerous instances that unnecessarily bringing to the attention of a jury that insurance is involved is reversible error. *Strahan* v. *Webb,* 231 Ark. 426, 330 S.W. 2d 291; *Pekin Stave & Manufacturing Co.* v. *Ramey,* 104 Ark. 1, 147 S.W. 83. We have also said that the injection of insurance coverage is not proper unless it is "relevant and pertinent to some issue in the case". *Industrial Farm Home Gas Co.* v. *McDonald,* 234 Ark. 744, 355 S.W. 2d 174. The trial court, in overruling the objection, relied on *Murray* v. *Jackson,* 180 Ark. 1144, 24 S.W. 2d 960, where a physician, testifying on behalf of the defendant, was asked on cross-examination for whom he made the examination, the witness replying that he did not remember, but believed it was for an insurance company; further that the Southern Insurance Company asked him to make a report on the case. The defendant contended that the question was asked solely for the purpose of showing an insurance company was defending the case, and that the question and answer constituted prejudicial error. Commenting that the cross-examination under the circumstances was permissible, we said:

"....The testimony of the physician introduced by the defendant tended to contradict the testimony of the physician introduced by Mrs. Jackson as to the character and extent of her injuries and as to the necessity of expending the money that was expended for her for hospital bills and attendance by nurses and a physician. The cross-examination was proper for the purpose of impeaching or contradicting the witness. The jury might have found that the employment of the physician made him biased in favor of the defendant, or at least tended to show the interest of the witness in the case."

The facts of that case are not here applicable for reasons subsequently pointed out.

Appellee also asserts that the instant case should be decided on the basis of our decision in *Lin Manufactu-*

*ring Co. of Arkansas* v. *Courson*, 246 Ark. 5, 436 S.W. 2d 472, but we do not agree. There, the appellee was asked on cross-examination at whose instance he went to see a Dr. Reed and he responded "Well, because the insurance company or someone - - -". In holding that error had not been committed, we stated that the question itself was apparently asked in sincerity; that, under the circumstances, there was a valid reason for asking it, and when a question is asked in good faith rather than in a deliberate attempt to prejudice the jury, an admonition by the court is ordinarily sufficient to correct the error. That situation is not present in the case now before us. In the first place, here, the evidence was offered by the plaintiff, appellee herein. In the next place, it does not appear relevant nor pertinent to any issue in the case that had arisen. Certainly, it was not an answer given "accidentally"; to the contrary it was deliberately offered, and not for the purpose of impeachment. In other words, we agree that the answers unnecessarily injected the existence of insurance in the case. Counsel for appellee contends that if deemed improper, counsel for appellant could have moved that the court admonish the jury not to consider the evidence under discussion; that in fact, the court offered to so admonish the jury, but counsel for appellant declined to have this done. However, as heretofore pointed out, we have held that an admonition is ordinarily sufficient to correct the error where the reference to insurance occurs in good faith. Here, the objection to the testimony was offered before the deposition was ever read, and it is, of course, apparent that the evidence was intentionally introduced.

The second point for reversal relates to the answer of Tommy Stewart, the husband of appellee, to a question propounded to him on cross-examination by counsel for appellant. The witness was asked about money he paid for repair of his car and he replied, "Well, that was the money that I got from your company", and appellant says that this, too, unnecessarily injected the question of insurance into the case. We cannot pass on this contention since the record does not reflect that any objection was made, and, for that matter, it is not likely to recur at another trial.

Because of the error discussed in point one, the judgment is reversed and the cause remanded.

It is so ordered.