Oscar GRUSS and Oscar Gruss & Son,
Plaintiffs,

v.

The CURTIS PUBLISHING COM-
PANY, Defendant.

No. 73 Civ. 282.

United States District Court,
S. D. New York.

July 11, 1973.

Kass, Goodkind, Wechsler & Gerstein,
New York City by David M. Gerstein,
New York City, of counsel, for plain-
tiffs.

Lee, Cash & Marks by Theodore L.
Marks, New York City, for defendant.

MEMORANDUM AND ORDER

BRIEANT, District Judge.

The first cause of action pleads, con-
ditionally, that plaintiff shareholders
"could" have been misled, [but *cf.* ¶19]
as a result of ambiguous and unclear
proxy materials, which failed to define
"shareholder" as used therein, and ad-
vise that it meant only the "registered
owner of shares" or "shareholder of
record", to the exclusion of the "benefi-
cial owner". Plaintiffs base this claim
on Sections 14(a) and 27 of the Securi-
ties Exchange Act of 1934, and the rules
thereunder, particularly Rule 14(a) (17
C.F.R. 240.14a–101). As to such a
claim, our jurisdiction is exclusive and
plenary. 15 U.S.C. § 78aa.

Proxy solicitation materials gave in-
complete information as to dissenting
shareholders' rights to appraisal and
payment upon a proposed corporate reor-
ganization. Such rights must, it is al-
leged, be asserted by a shareholder. *of
record,* rather than by an equitable own-
er.

Here, the record owner was "Oscar Gruss & Son", a co-partnership, and the exercise of rights was apparently effected by Mr. Oscar Gruss, the beneficial owner.

Implicit is the suggestion that the beneficial owner received a Notice of Shareholders Meeting and proxy material directed to shareholders of record, and not realizing the full import of the technical distinction, exercised the right to object in the former capacity. There appears to be a close relationship between the two ownerships, and we are told without contradiction that Mr. Oscar Gruss, the beneficial owner, is a general partner of Oscar Gruss & Son, the holder of record.

■ The case thus presents an example of a typical "trap for the unwary". Relying, we are told, on the proxy statement, Gruss wrote, over his signature on the letterhead of Oscar Gruss & Son, setting forth the fact of registration of the shares in Gruss & Son and that he was the beneficial owner of the shares. Defendant refused to recognize his [timely] assertion of the right of appraisal claiming that the objection had not been sent by the holder of record, and was therefore not in compliance with the applicable provisions of the Pennsylvania Corporation Law.

The second cause of action alleges due compliance by plaintiffs with the Pennsylvania statute which entitles them, as dissenters who assert their statutory rights, to have their shares appraised and paid in cash. Such inconsistency between the two claims is permissible. We read the second cause of action, as pleaded, to seek a declaration of rights, rather than a request for a Court supervised appraisal. Defendant has not made the offer required by the statute, and takes the position it is not required to. Plaintiff is not yet "Unable to agree . . . on the fair value of the shares", within the meaning of § 515 F of the Pennsylvania BCL. What will happen if that point is reached is not before us. These allegations present a

justiciable controversy. Sub-paragraph 11(c), repeated in ¶29 insofar as it relates to alleged misnumbering of references to the Pennsylvania statute was abandoned on the argument of the motion.

Defendants assert that the first cause of action fails to state a claim, and that exclusive jurisdiction of the second cause of action is in the state court, because the Pennsylvania statute which creates the right, by § 515 F thereof, designates such court, and provides that its jurisdiction shall be plenary and exclusive. The third cause of action pleaded depends on whether the first be sustained, and requires no analysis at this time.

Pendent jurisdiction exists, with respect to the second cause of action. As stated in Knighton v. Johnston County, D.C., 330 F.Supp. 652, 654 (1971):

"[i]t is axiomatic that whenever there is a substantive right enforceable in a judicial proceeding in any court of a state, it is also enforceable in the courts of the United States, and this must be accomplished without regard to any limitation imposed by state legislatures."

To the same effect are Markham v. City of Newport News, 292 F.2d 711 (4th Cir. 1961); Griffith v. Bank of New York, 147 F.2d 899, 904 (2d Cir. 1945), cert. denied 325 U.S. 874, 65 S.Ct. 1414, 89 L.Ed.2d 1992, and cases therein cited.

Nor does the complaint require our adjudication of internal affairs of a foreign corporation. All that need be adjudicated under the second claim is whether or not plaintiffs have made a valid election to dissent under the statute.

The first cause of action, read favorably to the pleader, as it must be here, correctly advises defendant of plaintiffs' claims that they relied upon the explicit provisions of the proxy statement and were misled to their financial detriment, because the statement did not advise, with sufficient clarity, " . . . any statutory procedure required to be followed by dissenting security holders in

order to perfect [their] rights", (17 C. F.R. § 240.14a–101, Item 2).

■ The resulting damage was directly caused by breach of a statutory duty, and the way in which it resulted was foreseeable. All holders, beneficial and of record, are members of the class intended to be protected by the statute and proxy rules. A private right of action is therefore implied. J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964); Colonial Realty Corp. v. Bache, 358 F.2d 178 (2d Cir. 1966), cert. denied 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56.

That branch of the motion which seeks to transfer the action to the U. S. District Court for the Eastern District of Pennsylvania is denied, without prejudice to renew after discovery is complete, and the case is ready for trial. At that time it may well appear that the convenience of witnesses and parties will require such transfer. If the application to transfer is renewed, the Court should be informed as to what other litigation, if any, is then pending in other forums involving the same factual issues. Venue in this district is proper.

In all other respects the motion to dismiss is denied.

So ordered.