596 F.2d 1192
 Mahalia W. FRISON, in her behalf and in behalf of all others
similarly situated, Appellant,
v.
The FRANKLIN COUNTY BOARD OF EDUCATION, a Public Body
Corporation of Franklin County; Warren W. Smith in his
official capacity as Superintendent; its members in their
official capacities, Lloyd A. West, Jones H. Winston,
William Taylor Boone, Lucy T. Allen, and Larry E. Tetterton,
of the Franklin County Board of Education Public Schools, Appellees.
 No. 77-2301.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 4, 1978.
Decided April 20, 1979.
 
 Adam Stein (Charles L. Becton, Chambers, Stein, Ferguson & Becton, P. A., Charlotte, N. C., on brief), for appellant.
 E. F. Yarborough (Yarborough, Jolly & Williamson, Louisburg, N. C., on brief), Charles M. Davis, Louisburg, N. C., for appellees.
 Before HAYNSWORTH, Chief Judge, and BRYAN, Senior Circuit Judge, and BUTZNER, Circuit Judge.
 BUTZNER, Circuit Judge:
 
 
 1
 Mahalia W. Frison appeals a judgment that her demotion from her position as a career teacher in the school system of Franklin County, North Carolina, violated neither federal nor state law. We affirm the judgment against her federal claims, but we believe that the district court should not have taken jurisdiction over her pendent claim.
 
 
 2
 Frison taught fifth grade classes at Franklin County's Edward Best High School for eight years, acquiring the statutory status of career teacher in 1973. She was demoted from her position in 1975 for reading to her classes at least some part of a note that she found circulating among her students. In order to discourage students from passing similar notes in the classroom, Frison testified, she explained to them that three vulgar colloquialisms contained in the note were not obscene when used in different contexts.
 
 
 3
 After one student's parents complained about the incident, the county school superintendent notified Frison that he would recommend her dismissal to the school board. Frison requested consideration of her case by the advisory statewide review panel established under N.C.Gen.Stat. § 115-142 (Repl.Vol.1975). The panel found that Frison exercised poor judgment and acted in an unprofessional manner. It concluded that Frison should be severely reprimanded for her conduct, but it found no clear grounds for dismissal under N.C.Gen.Stat. § 115-142(e)(1). The school superintendent, however, recommended dismissal to the school board, and the board held a hearing at which Frison and her lawyer appeared. Rejecting the review panel's conclusion, the board demoted Frison from career teacher to the position of tutor.
 
 
 4
 Frison chose not to accept the new position and filed suit in the district court against the school board, its members, and the school superintendent. She alleged that the defendants violated the first and fourteenth amendments by dismissing her without giving prior notice that the disciplinary practice she had adopted was unacceptable. She further alleged that she was demoted because she is black, in violation of the United States Constitution and several federal statutes. She also claimed that her demotion abridged her rights as a career teacher under N.C.Gen.Stat. § 115-142.
 
 
 5
 The administrative hearings provided by the school system afforded Frison procedural due process. Under the first and fourteenth amendments, however, she also was entitled to reasonable prior notice that the speech for which she was demoted was a ground for disciplining her. Mailloux v. Kiley, 448 F.2d 1242 (1st Cir. 1971).
 
 
 6
 The district court ruled that N.C.Gen.Stat. §§ 115-142(e)(1) and 115-146, which prescribe the duties of a public school teacher and outline grounds for dismissal or demotion, gave Frison sufficient notice that her conduct was unacceptable. These statutes penalize, among other things, neglect of duty. The statutory definition of a teacher's duties includes maintaining discipline and encouraging morality.
 
 
 7
 We find no error in the district court's ruling. The regulations prescribing a teacher's speech and conduct are necessarily broad; they cannot possibly mention every specific kind of misconduct. The application of the regulations in each case depends on many factors, such as "the age and sophistication of the students, the closeness of the relation between the specific technique used and some concededly valid educational objective, and the context and manner of presentation." Mailloux v. Kiley, 448 F.2d 1242, 1243 (1st Cir. 1971). Applying these criteria, we believe that the school board's action in Frison's case was not unconstitutional.
 
 
 8
 The district court also held that Frison's demotion was not racially motivated. Recognizing that the Franklin County school system has a history of racial discrimination, the court carefully scrutinized the record to determine whether the defendants proceeded against Frison "in good faith and without regard to race." See Wall v. Stanly County Board of Education, 378 F.2d 275, 278 (4th Cir. 1967). The court found no proof of racial discrimination. That finding is supported by the evidence.
 
 
 9
 Having disposed of Frison's federal claims, the district court turned to the allegation that her demotion violated her rights under N.C.Gen.Stat. § 115-142. We believe, however, that the court should have declined pendent jurisdiction over this state law claim because it is essentially a petition for judicial review of state administrative action rather than a distinct claim for relief.
 
 
 10
 Under N.C.Gen.Stat. § 115-142(n), a career teacher who has been terminated can appeal from the school board to state superior court. The state judicial proceeding is not a trial de novo. The superior court entertaining the appeal reviews the administrative record made by the school board and the review panel under the standard prescribed by Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). Thompson v. Wake County Board of Education, 292 N.C. 406, 410, 414, 233 S.E.2d 538, 541, 543 (1977). Thus, the judicial review provided by state law is part of a statutory grievance procedure. It should not be conducted in a federal court under the doctrine of pendent jurisdiction. See Coe v. Bogart, 519 F.2d 10, 13 (6th Cir. 1975); Bean v. Taylor, 408 F.Supp. 614, 617 n.3 (M.D.N.C.), Aff'd without published opinion, 534 F.2d 328 (4th Cir. 1976); Catalano v. Department of Hospitals, 299 F.Supp. 166, 175 (S.D.N.Y.1969); Cf. Mianus River Preservation Committee v. Administrator, 541 F.2d 899, 906 (2d Cir. 1976).
 
 
 11
 Accordingly, although the judgment denying Frison relief on her federal claims is affirmed, the judgment on her pendent claim is vacated, and this claim is dismissed without prejudice. Each party shall bear its own costs.
 
 
 12
 ALBERT V. BRYAN, Senior Circuit Judge, concurring:
 
 
 13
 If we are obliged to take jurisdiction of this case, then I join in the majority opinion. The plaintiff could have torn up the note and, with nothing more, dismissed it as not worth remembering. Instead, she gave it stature by reading it to the class and later rehearsing it before another class, each time accenting the vulgarities. Her conduct warranted the school board's decision of demotion.
 
 
 14
 Above all, I deplore the entry of the National courts into a State public school student-discipline incident. It was a matter exclusively for the school authorities. Surely it was not of Constitutional proportions. Our dockets cannot afford the time and effort to grind such petty grist.