Betty VERMILLION and Ken VERMILLION *v.*
Roger PETERSON d/b/a PETERSON CONCRETE CO.
et al

82-18                                    630 S.W. 2d 30

Supreme Court of Arkansas
Opinion delivered March 29, 1982

*Gordon & Gordon, P.A.*, by: *Allen Gordon*, for appellants.

*Laser, Sharp & Huckabay, P.A.*, for appellant, Michael M. Pinson.

*Matthews & Sanders*, by: *Roy Gene Sanders*, for appellee, Mickey E. Glover.

RICHARD B. ADKISSON, Chief Justice. Appellant, Betty Vermillion, was injured on April 9, 1979, in a multi-vehicle collision in Faulkner County. She and her husband brought suit, alleging negligence by the drivers of the other two automobiles involved in the collision. At trial, appellants introduced into evidence a packet of medical bills, one of which had "Prudential" typed in the space designated for "hospitalization insurance company." During closing arguments the attorney for two of the appellees, Peterson Concrete Company and its driver, Michael M. Pinson, stated that Betty Vermillion's medical bills had apparently already been paid under Prudential policy no. 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, but that she had not informed the jury of that fact and would have them pay her again for those same expenses. Appellants moved for a mistrial or, in the alternative, an admonition directing the jury to disregard this statement. The trial court denied both motions. On appeal we reverse.

We have frequently held that the unnecessary injection of the existence of insurance into a case is reversible error, unless it is relevant to some issue in the case. *Pickard* v. *Stewart*, 253 Ark. 1063, 491 S.W. 2d 46 (1973). Here, the fact that Prudential may have paid appellant's medical bills is not relevant to any issue being litigated.

Also, we cannot say that appellant put insurance into issue by the mere fact that "Prudential" was typed on one of the bills. This bill was only one of several in a packet of bills introduced by appellant, and appellant did nothing to call the jury's attention to the space or the word "Prudential." Even if the jury did see "Prudential" while examining the bills, there was nothing on the bill or in the testimony to indicate that Prudential had paid it.

Appellees argue that the error was harmless since the jury found that the accident was not caused by the negligence of the appellees. This argument overlooks the fact that the jury could have concluded there was no need to find appellees negligent and assess damages when appellant's bills had already been paid. We stated in *Amos* v. *Stroud,* 252 Ark. 1100, 482 S.W. 2d 592 (1972) that recoveries from collateral sources do not redound to the benefit of a tortfeasor, even though double recovery for the same damage by the injured party may result.

When, as here, there has been an intentional and deliberate reference to insurance when it was not an issue in the case and when the opposing party had not opened the door for its admission, the declaration of a mistrial is the proper remedy. *Pickard* v. *Stewart, supra.*

Even though the attorney for appellee, Glover, was blameless, a reversal as to Glover is unavoidable because the positions of the appellants are inseparable under the circumstances of this case. And, the prejudicial remark did accrue to Glover's benefit.

Reversed and remanded.