James Jack PATTON *v.*
Gary Dean WILLIAMS

CA 84-160                                   680 S.W.2d 707

Supreme Court of Arkansas
Opinion delivered December 10, 1984

*Bennie O'Neil,* for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.,* for appellee.

DARRELL HICKMAN, Justice. James Jack Patton sued for damages for personal injuries caused by a motor vehicle accident with the appellee. At issue was which party ran a red light. The appellee intentionally injected the existence of insurance into this case, and we reverse and remand for a new trial.

During direct examination, Patton testified that he felt obligated to pay his doctor's bill. The appellee's attorney

immediately seized upon the word "obligated" and said:

> Now, your Honor, he's opening the door into his obligation to pay a bill that perhaps already has been paid. If he wants to open that door . . . .

Then on cross-examination, the following occurred:

> Appellee's Attorney: I believe you also said that you are obligated, is that the word? You said you were obligated to pay these bills?
>
> A: Yes, Sir.
>
> Q. Your Honor, I again want to go into something I shouldn't but you'll recall, he did testify to that.
>
> The court: I recall that, [attorney for appellee], I think you can go into it.
>
> Q. Isn't it true, sir, that $5,000 of those bills have already been paid? You're not obligated to pay those, are you, sir?
>
> Appellant's Attorney: Your Honor, may we approach the bench? [A discussion at the bench ensured.]
>
> The court: We'll show your objection [attorney for appellant] for the record.
>
> Q. Now the point is not that we owe you any of this, *but the point is that you have told this jury today under oath one thing when, in fact, the truth is another thing.* Five thousand of this has already been paid and you are not obligated to pay eight thousand, are you sir? (Italics supplied.)
>
> A. Those bills are in my name.
>
> Q. Sir, I've got the cancelled checks. Do you want me to produce those for you where five thousand of this has been paid?

A. You have the cancelled checks?

Q. Get the checks?

A. I didn't say that.

Q. Okay. *Now if you would tell a story about that, was the light green or was the light red?* (Italics supplied.)

Those questions were not even a thinly veiled hint of insurance coverage: rather, the attorney was making an outright reference to the fact that the insurance company paid the bills. We have consistently held that the existence of insurance cannot be unnecessarily injected into a case and to do so is reversible error. *Vermillion* v. *Peterson*, 275 Ark. 367, 630 S.W.2d 30 (1982); *Pickard* v. *Stewart*, 253 Ark. 1063, 491 S.W.2d 46 (1973). That principle is part of the "collateral source rule" which excludes evidence of benefits received by a plaintiff from a source collateral to the defendant. We have explained the reason for the collateral source rule: that is that recovery from other sources, if known to the jury, could result in prejudice to the plaintiff. See *Pekin Stave & Mfg. Co.* v. *Ramey,* 104 Ark. 1, 147 S.W. 83 (1912); *Amos* v. *Stroud,* 252 Ark. 1100, 482 S.W.2d 592 (1972). The rule serves one goal of tort law which is to reimburse the plaintiff for his losses and also prevents the defendant/tortfeasor from receiving the benefit of the collateral recovery. See 22 Am. Jur. 2d *Damages* § 206 (1965); *Vermillion* v. *Peterson, supra.* The rule can have no meaning if it is skirted by the tactics used here.

The appellant was entitled to testify as to the amount of his medical bills although they may actually by paid by a collateral source. See *Holmes* v. *Hollingsworth,* 234 Ark. 347, 352 S.W.2d 96 (1961). The error is aggravated because the appellee's attorney used the situation to portray the appellant as a liar before the jury when in fact he told the truth. That the appellant later had to go into the matter in detail to show that insurance coverage did in fact result in payment of part of the bills does not waive the appellant's original objection. The trial judge abused his discretion in

allowing the appellee's attorney to question the appellant as he did.

We find no merit in the other argument raised pertaining to the trial judge's comments.

The appellees made no reference to a violation of our Rule 9; however, the appellant abstracted essentially verbatim the relevant portions of the transcript pertaining to testimony and colliquies that occurred on the two issues raised. The record was not abstracted in the first person as our Rule 9 requires. The abstract consisted of only 12 pages and pages from the transcript were skipped by the appellant in so doing. Sometimes, particularly in the case of objections to court rulings, it is necessary to quote exactly from the record. In fact, we, ourselves, often find it useful to quote in part exactly what was said. We find no flagrant violation of Rule 9 as we did in *Harris* v. *Ark. Real Estate Comm'n.*, 274 Ark. 537, 627 S.W.2d 1 (1982), where the appellant reproduced all of the transcript.

Reversed and remanded.