GREEN FOREST PUBLIC SCHOOLS *v.* Hardy HERRINGTON

85-83                                          696 S.W.2d 714

Supreme Court of Arkansas
Opinion delivered September 30, 1985

*Vowell & Atchley*, by: *Stevan E. Vowell*, for appellant.

*Cearley, Mitchell & Roachell*, by: *Marcia Barnes*, for appellee.

JACK HOLT, JR., Chief Justice. At issue in this case is the non-renewal by the Board of Directors of the Green Forest Public School of Hardy Herrington's teaching contract for the 1983-84 school year. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(c) as we are being asked to construe the Teacher Fair Dismissal Act of 1979, Ark. Stat. Ann. §§ 80-1264—80-1264.10 (Repl. 1980).

When this litigation arose the appellee, Hardy Herrington, was a non-probationary fourth year teacher, teaching social studies at the Green Forest Public Schools. The appellant school board received notice that there would be a reduction in Minimum Foundation Program Aid Funds for the 1982-83 school year. The appellant had already experienced financial difficulties at the time this notice was received. At a school board meeting February 7, 1983, the school superintendent made recommendations concerning the reduction of expenditures. One of the recommendations was to eliminate a teaching position in both the elementary and secondary levels. At a school board meeting on March 21, 1983, the board voted to eliminate a social studies teaching position and further voted to eliminate the appellee's position, due to the fact that the appellee had the least seniority within the social studies department. Prior to the March meeting, an elementary teacher and a secondary teacher resigned their positions.

The appellee was notified of the board's action verbally and by certified mail. He then filed a written grievance with the board and requested a hearing. The hearing was held and the board, in a special session on May 3, 1983, voted to uphold its prior decision.

Appellee appealed to the Carroll County Circuit Court which conducted a hearing on June 1, 1984. At the hearing, the transcript of the school board proceedings was introduced and additional testimony and exhibits were received. The trial court found that the appellant had not complied with the notice requirements of the Teacher Fair Dismissal Act and that the

appellant acted arbitrarily, capriciously and discriminatorily in applying its hiring and firing policies. Accordingly, the trial court ordered the appellee reinstated with back pay.

Appellant filed a motion for new trial requesting credit against the judgment rendered for the amount of unemployment benefits received by appellee during the 1983-84 school year. The motion was denied. It is from the trial court's order reinstating the appellee and the denial of appellant's motion for new trial that this appeal is brought. We affirm the trial court.

The appellant first argues that the school board did comply with the notice requirements of the Teacher Fair Dismissal Act of 1979. This act was repealed, effective July 4, 1983, by the Teacher Fair Dismissal Act of 1983, Ark. Stat. Ann. §§ 80-1266—80-1266.9, 80-1266.11 (Supp. 1985). However, the 1979 Act controlled at the time the board made its decision.

Section 4 of the 1979 Act, codified as Ark. Stat. Ann. § 80-1264.3 (Repl. 1980) provides in pertinent part:

> Every contract of employment hereafter made between a teacher and the board of directors of a school district shall be renewed in writing . . .; unless . . . the teacher is notified by the school superintendent that the superintendent is recommending that the teacher's contract not be renewed . . . A notice of nonrenewal shall be mailed . . . to the teacher . . . A teacher who has completed three (3) successive years of employment . . . is deemed to have completed the required probationary period. The notice of recommended nonrenewal of a teacher who has completed a probationary period of employment shall include a statement of the grounds for such recommendation.

Section 80-1264.8 provides that a teacher who has received a notice of recommended non-renewal may file a written request with the school board for a hearing. Section 80-1264.9(a) provides that at the conclusion of the hearing with respect to the non-renewal of a teacher contract, the board shall take action on the recommendations by the superintendent as to the non-renewal of the contract.

We have held that substantial compliance with the notice requirement of § 80-1264.3 is sufficient, absent a showing

that prejudice resulted from want of strict compliance. *Lee* v. *Big Flat Public Schools*, 280 Ark. 377, 658 S.W.2d 389 (1983). Therefore the question we are presented with is whether the board substantially complied with the notice requirement by conducting a hearing on appellee's non-renewal *after* the decision had been made.

In a memorandum opinion, the trial court noted that "[n]o effort was made to notify [appellee] of the recommended action before the board voted as required by the terms of Ark. Stats., sec. 80-1266, et seq., but notice was given after the fact." The court found that there was no question that the Teacher Fair Dismissal Act was not complied with procedurally and that the decisions of this court all "require that notice and hearing be afforded the teacher before a decision on termination of his contract be made." The court concluded:

> Here the board sent notice to Plaintiff that his contract would not be renewed (having already decided) and giving him the right to request a hearing. The hearing was held, a record made, and the previous decision adhered to. This procedure probably comports to the requirements of due process, but it does not comply with the specific requirements of the Teacher Fair Dismissal Act.

We must affirm the trial court's findings of fact if they are not clearly erroneous. *Lee* v. *Big Flat Public Schools*, supra; Ark. R. Civ. P. 52. In reviewing the proceedings, "[i]t is not our function to substitute our judgment for the circuit court's or the school board's," *Moffitt* v. *Batesville School Dist.*, 278 Ark. 77, 643 S.W.2d 557 (1982).

This court has held that pursuant to the Teacher Fair Dismissal Act of 1979, "a nonprobationary teacher was entitled to a statement of the reasons for a proposed non-renewal and to a hearing *before* the board reached its decision not to renew. §§ 80-1264.3 and -1264.8," *Burden* v. *Hayden*, 275 Ark. 93, 627 S.W.2d 555 (1982). See also *Fullerton* v. *Southside School Dist.*, 272 Ark. 288, 613 S.W.2d 827 (1981); *Maxwell* v. *Southside School Dist.*, 273 Ark. 89, 618 S.W.2d 148 (1981); *McElroy* v. *Jasper School Dist.*, 273 Ark. 143, 617 S.W.2d 356 (1981).

Because the hearing over appellee's non-renewal was con-

ducted after the decision had been made, the board failed to substantially comply with the requirements of § 80-1264.3. The trial court's conclusion therefore was correct.

The appellant also challenges the trial court's finding that the board applied its policies in a discriminatory fashion. The trial court based its finding on the following facts. The appellee was certified to teach English and social studies and had taught both subjects at Green Forest. The school board adopted a policy to employ personnel with less experience because of the salary difference. The superintendent testified that appellee's social studies position was eliminated pursuant to the board's policy of eliminating one elementary and one secondary school position, and that appellee had the least seniority in that department. "Yet", the court found, "the board's announced policy was to employ teachers with less seniority in order to reduce the amount of pay." The court noted that two teachers were kept and assigned appellee's classes because they were senior to him yet the contract of another teacher, Ms. Maxwell, to whom appellee was senior, was renewed and appellee's contract wasn't. The reason given for retaining Ms. Maxwell was that appellee was not certified in speech. The court stated, "[i]nterestingly, when Ms. Maxwell resigned during the summer of 1983, she was replaced with a person not certified in Speech and with no teaching experience. It does not seem necessary to labor the point that the board's policies were applied in a discriminatory manner."

In so holding, the trial court noted that although the board was attempting to solve a legitimate problem of budget, it must nevertheless "apply the hiring and firing criteria in a uniform and non-discriminatory manner." We concur in that judgment. School boards unquestionably have the right to establish guidelines for necessary reductions in the teaching force. When they do so however, they must apply these guidelines uniformly. It was in the application, not the formation, of its policies that the appellant erred.

The appellant raises two other points in this appeal. It is argued that the court erred in receiving additional evidence to supplement the record of the hearing before the school board. Arkansas Stat. Ann. § 80-1266.9(d) (Supp. 1985) provides that a non-probationary teacher can appeal a school board decision to

circuit court and that "[a]dditional testimony and evidence may be introduced on appeal to show facts and circumstances showing that the termination or nonrenewal was lawful or unlawful." This section was effective at the time of the trial of this action on June 1, 1984 and therefore governs this situation.

The appellant's final argument concerns mitigation of damages. In a motion for new trial, based on an error in the assessment of the amount of recovery, the appellant asked the court for a credit against the judgment for unemployment compensation benefits received by the appellee from May 1983 through February 1984 in the amount of $5,984.

Although the appellee testified at the trial that he received unemployment benefits, the appellant did not make this argument for mitigation of damages until it filed its motion for new trial. We have refused to address such an argument when an appellant fails to present it to the trial court until after filing its motion for a new trial. *Sharp Co. v. Northeast Ark. Planning & Consulting Co.*, 269 Ark. 336, 602 S.W.2d 627 (1980), *rehearing denied*. Here, however, we will address this issue since the evidence, in the form of appellee's testimony, was before the trial court.

It is a general rule that "recoveries from collateral sources do not redound to the benefit of a tortfeasor, even though double recovery for the same damage by the injured party may result," *Amos, Adm'x v. Stroud & Salmon*, 252 Ark. 1100, 482 S.W.2d 592 (1972); *Vermillion v. Peterson*, 275 Ark. 367, 630 S.W.2d 30 (1982). The question is whether the collateral source rule applies to employment situations and, specifically, whether unemployment compensation is a collateral source. This is an issue of first impression in Arkansas, but other courts have held that with regard to damages for breach of an employment contract, unemployment benefits received were not deductible by the employer in mitigation of damages. 22 Am Jur 2d *Damages* § 209, p. 293 (1965). Furthermore, an Arkansas federal district court has held that unemployment compensation benefits are a collateral source and cannot be used to offset a judgment against a tortfeasor. *Collins v. Robinson*, 568 F. Supp. 1464 (D.C. Ark. 1983). Accordingly, we adopt this application of the collateral source rule and hold that appellee's unemployment benefits

should not be deducted from his award of back pay.

Affirmed.

PURTLE, J., not participating.