787 F.2d 439
 40 Fair Empl.Prac.Cas. 726,
39 Empl. Prac. Dec. P 36,075, 54 USLW 2510,
31 Ed. Law Rep. 416
 Charlotte THOMPKINS, Ida Walker, Appellant,
v.
STUTTGART SCHOOL DISTRICT # 22; Ken Alderson, Supt. of the
Stuttgart School District; Mary Stone; Thomas Hill; James
Mason; Charles E. Smith; Garland Hayes; Norris Ragan;
Charles Day, in their official capacities as members of the
Board of Education in the Stuttgart School District, Appellees.
 No. 85-1023.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 31, 1985.
Decided March 31, 1986.
 
 John Walker, Little Rock, Ark., for appellant.
 Christopher Heller, Little Rock, Ark., for appellee.
 Before ARNOLD, Circuit Judge, BRIGHT and HENLEY, Senior Circuit Judges.
 HENLEY, Senior Circuit Judge.
 
 
 1
 Ida Walker appeals from the district court's dismissal of her pendent state claim. The Stuttgart School District School Board dismissed Walker, a nonprobationary teacher who had taught in the district for a long time. Walker filed suit in the district court raising a federal claim, that her dismissal was based on discriminatory reasons, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. and 42 U.S.C. Sec. 1981 and Sec. 1983, and a pendent state claim, that her dismissal was not in compliance with the Teacher Fair Dismissal Act of 1979, Ark.Stat.Ann. Secs. 80-1264--1264.10 (Repl.1980) (repealed 1983).[1]
 
 
 2
 The district court found that her dismissal was based on legitimate, nondiscriminatory reasons. This finding has not been appealed. The district court then held that it had no jurisdiction to decide the pendent state law claim because the Teacher Fair Dismissal Act vested exclusive jurisdiction of an appeal from the decision of a school board in the state court. Walker appeals. She argues that the district court erred in dismissing the pendent claim because the state legislature cannot limit the pendent jurisdiction of the federal courts. We reverse and remand.
 
 
 3
 I. PENDENT JURISDICTION.
 
 
 4
 A. Judicial Power. The district court held that it had no jurisdiction to decide the pendent state law claim because the Teacher Fair Dismissal Act provides that "[t]he exclusive remedy for any person aggrieved by the decision of the school board shall be appealed [an appeal] therefrom to the circuit court of the county in which the school district is located...." Ark.Stat.Ann. Sec. 80-1264.9(b). The district court's decision appears to be based on the argument that if the state created a right, which would not otherwise exist, it could also limit the remedies. It held that the proposition that the laws of a state cannot enlarge or restrict the jurisdiction of the federal courts, see Markham v. City of Newport News, 292 F.2d 711, 716 (4th Cir.1961) (diversity case), did not control in this pendent jurisdiction dispute.
 
 
 5
 "[P]endent jurisdiction is a judge-made doctrine of expediency and efficiency derived from the general Art. III language conferring power to hear all 'cases' arising under federal law or between diverse parties." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984); see also United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The right to assert jurisdiction over state claims through the doctrine of pendent jurisdiction is a law of the United States, and, as such, under the supremacy clause of the Constitution, Article VI, this law has precedence over any contrary state law.[2] Once a district court has determined that under the laws of the United States it may assert pendent jurisdiction, any contrary state law which would deny that jurisdiction is ineffective. Wojciechowski v. Harriman, 607 F.Supp. 631, 634-35 (D.N.M.1985) (pendent jurisdiction is derived from the Constitution; therefore the supremacy clause prohibits a state from restricting a federal court's pendent jurisdiction); Gruss v. Curtis Publishing Co., 361 F.Supp. 58, 59 (S.D.N.Y.1973) (district court denied motion to dismiss pendent claim which argued that the federal court had no jurisdiction over the claim because state statute which created the right designated that exclusive jurisdiction was in the state court), later judgment on the merits was reversed in 534 F.2d 1396 (2d Cir.), cert. denied, 429 U.S. 887, 97 S.Ct. 240, 50 L.Ed.2d 168 (1976).
 
 
 6
 In determining its jurisdiction a federal court "must look to the sources of its power and not to acts of states which have no power to enlarge or to contract the federal jurisdiction." Markham, 292 F.2d at 713. The jurisdiction of the federal courts is limited by the provisions of Article III and by acts of Congress. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372, 98 S.Ct. 2396, 2401-02, 57 L.Ed.2d 274 (1978); see also Gibbs, 383 U.S. at 725, 86 S.Ct. at 1138 (guidelines for the exercise of pendent jurisdiction).
 
 
 7
 To allow a state legislature to limit the pendent jurisdiction of the federal courts would in many cases defeat the purpose of pendent jurisdiction; expediency, efficiency, and fairness to the parties, Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139. If a claimant cannot raise his pendent state issue in federal court he has a choice of either going through the expense and ordeal of two separate, but related, trials, or of bringing all of his claims in the state court. One choice denies efficiency and expediency, and the other is unfair because it discourages him from presenting his federal claims in federal court. If the federal claim must be brought in federal court, then the claimant would have no choice but to bring two separate suits to resolve his related claims.
 
 
 8
 B. Judicial Discretion Defendants, alternatively, urge us to affirm the district court on the basis that it would have been an abuse of discretion for the district court to hear the pendent claim. Defendants assert several arguments to support this theory.
 
 
 9
 Defendants argue that a district court should not entertain jurisdiction of a pendent state claim when the plaintiff files a Title VII claim and a Sec. 1981 claim. They argue that we should follow the decisions of various district courts which have held that pendent state claims can never attach to Title VII claims because the availability of only equitable relief,[3] the requirement that the Title VII case be tried to the court, and the fact that the case is to be resolved as expeditiously as possible, indicate a congressional intent to preclude the attachment of pendent state claims. See, e.g., Frye v. Pioneer Logging Machinery, Inc., 555 F.Supp. 730, 733-34 (D.S.C.1983). Or, defendants argue, we should follow those district courts which have held that a court in its discretion should not hear the claims because there is a likelihood of jury confusion and that the state issue will predominate. See, e.g., Lazic v. University of Pennsylvania, 513 F.Supp. 761, 769-70 (E.D.Pa.1981).
 
 
 10
 If Walker had filed only a Title VII claim and a pendent state claim, the cases cited by defendants might be more persuasive. Her case, however, is distinguishable because she has also made a claim under Sec. 1981, and therefore she was entitled to a jury and arguably could have won compensatory and punitive damages as well as equitable relief. See Johnson v. Railway Express Agency, 421 U.S. 454, 460, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975). Most of the reasons mentioned in Frye and Lazic for dismissing the pendent claim are not applicable here. We hold that the district court properly could have exercised jurisdiction over a state claim pendent to the Sec. 1981 and Title VII claim.
 
 
 11
 We reject defendants' argument that it would have been an abuse of discretion for the district court to have heard the pendent state claim because the claim was separate and distinct from the federal claim. An integral part of Walker's discrimination claim was that she was not accorded the proper procedures for dismissal as outlined in the Teacher Fair Dismissal Act. Whether the school district failed to follow proper procedures and whether this failure was a result of discrimination are two related issues. It appears to us that on both issues many of the same witnesses would be testifying to the same facts. The state and federal claims derived from a common nucleus of operative fact, and the claims were such that they would ordinarily be tried in one judicial proceeding. See Gibbs, 383 U.S. at 725, 86 S.Ct. at 1138.
 
 
 12
 Defendants also argue that the district court should not be permitted to hear pendent state claims regarding teacher dismissals because these claims are more appropriately left to the state courts. See Frison v. Franklin County Board of Education, 596 F.2d 1192, 1194 (4th Cir.1979) (district court should have declined pendent jurisdiction because it was essentially a petition for judicial review of a state administrative action rather than a distinct claim for relief); Coe v. Bogart, 519 F.2d 10, 13 (6th Cir.1975) (pendent claim under Tennessee Teacher Tenure Act is more appropriately decided by the state court); see also Burford v. Sun Oil Co., 319 U.S. 315, 317-18, 63 S.Ct. 1098, 1099, 87 L.Ed. 1424 (1943) (a federal court should decline to assert jurisdiction when it would be in the public's interest). We believe, however, that discretion to hear these types of pendent claims should be decided on a case-by-case basis. If the claims are sufficiently interrelated, as required by Gibbs, 383 U.S. at 725, 86 S.Ct. at 1138, then the plaintiff should not be forced to sue in two different courts. See Birdwell v. Hazelwood School District, 491 F.2d 490, 495 (8th Cir.1974) (we held that district court properly concluded it had pendent jurisdiction over the teacher's state contract claim that his discharge was in violation of the Missouri teacher termination statute).
 
 
 13
 II. MERITS OF THE PENDENT CLAIM.
 
 
 14
 Walker was a nonprobationary teacher in the Stuttgart School District. For the 1980-81 school year she was placed on probation and was notified that she had to improve in certain areas in order to be rehired for the following year. In March, 1981, after parents had expressed concern that Walker was not an effective teacher, she was reassigned to another school.
 
 
 15
 The Stuttgart School Board decided on April 14, 1981 that it would not renew Walker's contract and notified Walker of its decision by a letter which was dated April 15, 1981. At the time this decision was made Walker had not received any written notice from the superintendent that he was going to recommend that her contract not be renewed, nor had any hearing been held. On May 22, 1981 Walker received a statement of the grounds for the superintendent's recommendation of non-renewal, and on July 7, 1981 a hearing was held. The Board notified Walker by letter dated July 15, 1981 that it had voted unanimously "to not renew your contract for the 1981/82 school year in accordance with the recommendation made by Mr. Ned Moseley, who was Superintendent of Schools during the 1980/81 contract year." Walker challenges the validity of the July decision.[4]
 
 
 16
 Walker argues that the School District did not substantially comply with the Teacher Fair Dismissal Act because the School Board made a decision before she was given proper notice and a hearing. Section 80-1264.3 provides that every teacher's contract will be renewed unless "the teacher is notified by the school superintendent that the superintendent is recommending that the teacher's contract not be renewed," and the notice of recommended nonrenewal is to include a statement of the reasons for nonrenewal. Under Sec. 80-1264.8 a teacher who has received this notice can request a hearing before the school board, and under Sec. 80-1264.9(a) at the conclusion of the hearing the school board is to take action on the superintendent's recommendation.
 
 
 17
 Defendants argue that the decision by the School Board on April 14 was only a tentative decision. They admit the statute was not technically complied with, but argue that the School Board was in substantial compliance with the statute because Walker was later given the required notice and a hearing, after which it reaffirmed its earlier decision.
 
 
 18
 Since the district court did not reach the merits of the pendent claim, we decline to decide it on the merits, but we make some observations. After the district court's decision, and after briefs were filed in this court, the Arkansas Supreme Court decided the case of Green Forest Public Schools v. Herrington, 287 Ark. 43, 696 S.W.2d 714 (1985). The district court will undoubtedly find Herrington helpful in resolving some of the pendent claims. Interestingly, Herrington did not overrule Lee v. Big Flat Public Schools, 280 Ark. 377, 658 S.W.2d 389 (1983), and other earlier school cases.
 
 
 19
 If the district court should find a violation occurred, it should then determine the appropriate relief. It was suggested by Walker's attorney during the oral argument that if the court finds that the statute was violated, then Walker should be entitled to reinstatement. Although we do not now decide this issue, we are inclined to believe Walker's argument is not free from doubt. The Arkansas courts have looked beyond the procedural violations to determine whether a teacher should be reinstated. If the dismissal was based on legitimate grounds, then reinstatement may not necessarily be ordered. Compare Herrington, 287 Ark. at 48, 696 S.W.2d at 717 (dismissal was arbitrary; reinstatement was ordered), with Maxwell v. Southside School District, 273 Ark. 89, 93, 618 S.W.2d 148, 150 (1981) (backpay was granted since hearing was not fair, but issue of reinstatement was remanded).
 
 
 20
 The district court has already found, and it cannot be disputed, that the Stuttgart School Board had a legitimate reason for not renewing Walker's contract; her ability and effectiveness as a teacher had deteriorated. Walker may be entitled to other relief, but the School Board may not necessarily be required to reinstate a teacher whom it has legitimately found was not competent for the job. Furthermore, the School Board appears to have done its best to rectify its mistake. We believe that if the district court finds that the second decision, made in July, was made de novo and in good faith, and was not merely a pro forma reaffirmance of the earlier decision, and that the hearing was fair, then it is possible that under state law the non-renewal can be upheld and Walker would not be entitled to backpay beyond the July decision.
 
 
 21
 Again, these remarks are only suggestions concerning some of the possible remedies available to Walker if the district court should find that proper notice was not given.
 
 
 22
 As indicated, the judgment is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.
 
 
 
 [1]
 In the reply brief on appeal Walker asserts that she was denied procedural due process. This claim was not raised in the trial court, nor was it asserted in her opening brief. The two recent cases cited by Walker, Cleveland Board of Education v. Loudermill, --- U.S. ----, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), and Rogers v. Masem, 774 F.2d 328, 334 (8th Cir.1985), do not present justifiable reasons why we should consider a due process claim raised this late in the proceedings. Loudermill does not represent any significant change in the law regarding the establishment of a property interest in employment, and the argument raised in the Rogers case was not unique. By failing to timely assert the due process claim, Walker has waived it. Cato v. Collins, 539 F.2d 656, 662 (8th Cir.1976)
 
 
 [2]
 A state which creates a substantive right may require that certain administrative conditions be met before the right is enforced in court. In Hamilton v. Roth, 624 F.2d 1204, 1208-12 (3d Cir.1980), the court held that submission of a medical malpractice claim to an arbitration panel was a statutory prerequisite to bringing suit in either state or federal court, and thus the federal court had no subject matter jurisdiction of the claim until this prerequisite had been met. Id. at 1212. The dissent, however, argued that the arbitration panel was in essence a judicial entity and not an administrative agency, and therefore the federal court had jurisdiction over the pendent state law claim. Id. at 1213
 
 
 [3]
 Compensatory damages are not available under Title VII. Muldrew v. Anheuser-Busch, Inc., 728 F.2d 989, 992 n. 2 (8th Cir.1984)
 
 
 [4]
 Defendants argue that any claim attacking actions taken before July 15 (i.e., the April 14 meeting) is time barred because Ark.Stat.Ann. Sec. 80-1264.9 (Repl.1980) provides that an appeal from the decision of the school board must be made within thirty days. We do not believe attack on the April 14 decision is time barred. Within thirty days of that decision Walker requested a hearing regarding the non-renewal of her contract, and the School Board agreed to hold the hearing and reconsider its decision. This action effectively tolled the statute of limitations because the administrative process was not yet complete. If Walker had filed suit earlier, the court probably would have dismissed or abstained pending the final decision of the School Board