174

## Beverly HILL *v.* WAL-MART STORES, INC.

90-60                                          792 S.W.2d 614

Supreme Court of Arkansas
Opinion delivered July 16, 1990

*Hartenstein, Taylor & Montgomery,* by: *Joel Taylor* and *J. Blake Hendrix,* for appellant.

*McMillan, Turner & McCorkle,* by: *Ed McCorkle,* for appellee.

ROBERT H. CRANK, Special Justice. On May 17, 1987, Beverly Hill parked her 1987 Nissan 300ZX automobile in the parking lot provided for customers of Wal-Mart at its Hot Springs store. While she was in the store, it began to rain and the parking lot rapidly flooded with water, rising to a level of over two feet. The electrical system of Hill's vehicle was extensively damaged and repair costs amounted to $5,061.35. Her insurer, Farmers Insurance Group, paid $4,561.35 toward the repair costs and she paid the balance of $500.00, the amount of her deductible. The jury awarded her $500.00.

Suit was originally filed against Wal-Mart Stores, Inc., by Farmers Insurance Group for the sum of $4,561.35 and subsequently by amendment the suit was changed to that which was presented to the jury of a claim by Beverly Hill alone for $5,061.35 actual damages and $50,000 punitive damages.

Plaintiff's theory of liability was that the flooding was caused by restricted flow in a drain on the parking lot and that Wal-Mart had prior knowledge of flooding near this drain.

Submitted to the jury as part of Hill's testimony concerning damages was the repair bill which had on the bottom of the document the notation:

| Ins | 4561.35 |
|------|---------|
| Cust | 500.00 |
| | 5061.35. |

No testimony was introduced concerning the existence of insurance by either party nor was reference made to insurance in argument. At the close of the trial the jury was instructed as to the law concerning evaluation of damages in the event it found Wal-Mart liable, along with the instruction as to proper allocation of damages in the event that the jury found comparative negligence.

During the course of deliberations, the jury sent a note to the trial court inquiring if the repair bill indicated that insurance paid $4,561.35 and plaintiff paid $500.00. The court seated the jury and advised it that it had the evidence and instructions before it and that was sufficient for them to decide the case. Thereafter, the jury returned a verdict in behalf of plaintiff Beverly Hill against Wal-Mart in the amount of $500.

Hill filed a motion for a new trial based on ARCP Rule 59(a)(5), asserting an error in the assessment of the amount of recovery and because the jury erroneously speculated as to the existence of insurance coverage in determining the amount of the damages and failed to properly follow the instructions regarding assessment of damages.

The trial court denied Hill's motion stating that, if there was any error or confusion, it was brought about by plaintiff's exhibit. From this decision Hill appealed. We affirm the judgment of the trial court.

The issue presented by this appeal is whether this court should reverse the ruling of the lower court and grant a new trial on the basis that notations on appellant's own exhibit created error. The collateral source rule in Arkansas prevents consideration by the jury of benefits received by a plaintiff from sources collateral to the defendant. The rule applicable to this case is more clearly stated to be that the existence of insurance cannot be unnecessarily injected into a case. *Pickard* v. *Stewart,* 253 Ark.

1063, 491 S.W.2d 46 (1973); *Vermillion* v. *Peterson*, 275 Ark. 367, 630 S.W.2d 30 (1982). In *Vermillion* the facts were quite similar in that the plaintiff there had introduced certain medical records which had notations with reference to an insurance carrier. The difference in *Vermillion*, however, was that the defense unnecessarily injected insurance in the trial by arguing to the jury that the medical bill had apparently already been paid and plaintiff was seeking double recovery. In the present case, no reference was made to insurance by the defendant Wal-Mart and any deficiency in the verdict should not be the basis for complaint by the party whose evidence may have caused the deficiency. To hold otherwise would place the burden upon opposing counsel and the courts to protect the party introducing evidence from her counsel's own mistakes.

Affirmed.

Special Justice WILLIAM H. HODGE joins in this opinion.

HAYS, J., dissents.

DUDLEY and TURNER, JJ., not participating.

STEELE HAYS, Justice, dissenting. It is, of course, tempting to affirm this case on the premise that counsel for the plaintiff should not have overlooked the inscription "Ins." on the repair bill. But to affirm on that basis ignores a more significant aspect of the case, one that should override a relatively immaterial oversight (if that is what it was) by trial counsel. The fact is the evidence gave the jury only two options: a verdict for the defendant, or a verdict of $5,061.35 for the plaintiff. No other verdict was possible, given the proof and the instructions. By returning a verdict in an amount it assumed was the plaintiff's deductible, the jury palpably disregarded the instructions by the trial court, or the undisputed proof as to the plaintiff's damages, or both. In either event it is clear the jury took matters into its own hands and countermanded the instructions of the trial court. In that circumstance a new trial should have been granted.