MARSHALL SCHOOL DISTRICT *v.* Ron HILL

CA 96-370 939 S.W.2d 319

Court of Appeals of Arkansas
Division II
Opinion delivered March 5, 1997

*Brazil, Adlong, Murphy & Osment,* by: *William Clay Brazil,* for appellant.

*Martin Law Firm, P.A.,* by: *Thomas A. Martin,* and *Jerry D. Patterson,* for appellee.

JOHN B. ROBBINS, Chief Judge. Appellee Ron Hill was hired by appellant Marshall School District as a football coach and teacher for the 1992-93 school year. His annual salary was set at $31,081.00. On January 21, 1993, he was notified in writing that the superintendent was going to recommend that his contract not be renewed for the following year. The superintendent's recommendation was based essentially on his opinion that the football program had deteriorated to an unacceptable level. Mr. Hill requested a hearing, which was conducted on March 1, 1993. After the hearing, Marshall School District's Board of Directors decided not to renew Mr. Hill's contract.

Mr. Hill appealed the decision of the Board of Directors to the Searcy County Circuit Court. In his complaint, Mr. Hill alleged that the refusal of Marshall School District to renew his contract constituted a breach of its contract with him. Specifically, Mr. Hill contended that, in making its decision, the appellant violated the terms of the Teacher Fair Dismissal Act. The circuit court agreed, finding that the school district did not comply with the Act in that it (1) failed to notify Mr. Hill, in writing, of problems that could lead to nonrenewal and (2) produced no documentation of efforts to assist Mr. Hill in correcting the deficiencies that could lead to nonrenewal. The circuit court awarded him damages and attorney's fees against Marshall School District.

On appeal, neither party asserts that the trial court's decision to award damages and attorney's fees was error. Rather, the issues on appeal pertain only to the amount of damages and attorney's fees awarded. The circuit court ordered Marshall School District to pay damages in the amount of $44,924.00 and attorney's fees in the amount of $14,975.00. On direct appeal, Marshall School District argues that the award of attorney's fees was excessive. On cross-appeal, Mr. Hill contends that the damages award should have been $93,234.00 instead of $44,924.00. We affirm the circuit court's decision in all respects.

We first address Marshall School District's argument pertaining to the issue of attorney's fees. The circuit court's order included the following statement:

> The court has considered the plaintiff's petition for attorney's fees pursuant to A.C.A §16-22-309 and upon consideration of the plaintiff's petition for attorney's fees and other matters within the knowledge of the court and which may have been brought to the attention of the court by the defendant, the court finds a reasonable attorney's fee to be in the amount of $14,975.00.

Arkansas Code Annotated section 16-22-309 (Repl. 1994) provides, in pertinent part:

> (a)(1) In any civil action in which the court having jurisdiction finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party or his attorney, the court shall award an attorney's fee in an amount not to exceed five thousand dollars ($5,000), or ten percent (10%) of the amount in controversy, whichever is less, to the prevailing party unless a voluntary dismissal is filed or the pleadings are amended as to any nonjusticiable issue within a reasonable time after the attorney or party filing the dismissal or the amended pleadings knew, or reasonably should have known, that he would not prevail.

Marshall School District now asserts that, pursuant to the above statute, the circuit court was without authority to award more than $5,000.00 in attorney's fees. It submits that the circuit court lacked the discretionary power to award $14,975.00, and that this award should be reversed.

█ █ We affirm the amount of attorney's fees awarded by the circuit court. We agree that Ark. Code Ann. § 16-22-309 (1987) limits attorney's fees to a maximum of $5,000.00. However, as argued by the appellee before the trial court and now on appeal, Ark. Code Ann. § 16-22-308 (Repl. 1994) is applicable to this case. See Junction City Sch. Dist. v. Alphin, 56 Ark. App. 61, 938 S.W.2d 239 (1997). Arkansas Code Annotated section 16-22-308 provides:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods,

wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

Mr. Hill's action against Marshall School District was for breach of contract, and pursuant to the above statute, the circuit court was authorized to award attorney's fees, which were not subject to a specified limit. Although the trial court referenced section 16-22-309 in its opinion, the court may have actually relied on section 16-22-308, inasmuch as it recited in its judgment that the damages awarded were for breach of contract. At any rate, it has been established that this court may affirm a ruling by the trial court if it reached the right result, even though it may have announced the wrong reason. *Summers Chevrolet, Inc. v. Yell County*, 310 Ark. 1, 832 S.W.2d 486 (1992). Under the facts of this case, we hold that an attorney's fee award of $14,975.00 was appropriate under Ark. Code Ann. § 16-22-308 (Repl. 1994).

The remaining issue is raised by Mr. Hill in his cross-appeal. It involves the measure of damages by which the trial court computed the $44,924.00 award to be paid by Marshall School District.

In assessing the damages suffered by Mr. Hill as a result of his dismissal, the circuit court first considered lost salary for the 1993-94, 1994-95, and 1995-96 school years, which amounted to $93,234.00. The court then reduced this amount by earnings that Mr. Hill received through other employment during the same time frame. He worked at a shirt factory for a brief period, during which he earned $10,317.00. Mr. Hill then worked as a teacher for Westside Schools for two years at an annual salary of about $27,103.00. Thus, his total earnings were approximately $64,523.00. The circuit court reduced this amount by $16,138.00, which represented the cost expended by Mr. Hill in seeking other employment. After subtracting the cost expended by Mr. Hill from his earnings, the court concluded that his damages had been mitigated by $48,313.00. The court subtracted this amount from the three years' salary that had been lost and arrived

at $44,924.00 as the amount of damages owed by Marshall School District.

 Mr. Hill appeals this damages award, contending that he was entitled to judgment for the full $93,234.00. Specifically, he asserts that the court erred in reducing the award by the earnings he received through other employment. For his argument, Mr. Hill cites *Green Forest Public Schools v. Herrington*, 287 Ark. 43, 696 S.W.2d 714 (1985). In that case, the supreme court affirmed an award of back pay that had been sought pursuant to the Arkansas Teacher Fair Dismissal Act. In addition, the court specifically held that the award was not to be reduced by the unemployment compensation that the appellee had received subsequent to his wrongful dismissal. In doing so, the court announced:

> It is a general rule that "recoveries from collateral sources do not redound to the benefit of a tortfeasor, even though double recovery for the same damage by the injured party may result," *Amos, Adm's v. Stroud & Salmon*, 252 Ark. 1100, 482 S.W.2d 592 (1972); *Vermillion v. Peterson*, 275 Ark. 367, 630 S.W.2d 30 (1982). The question is whether the collateral source rule applies to employment situations and, specifically, whether unemployment compensation is a collateral source. This is an issue of first impression in Arkansas, but other courts have held that with regard to damages for breach of an employment contract, unemployment benefits received were not deductible by the employer in mitigation of damages. 22 AmJur2d *Damages* § 209, p. 293 (1965). Furthermore, an Arkansas federal district court has held that unemployment compensation benefits are a collateral source and cannot be used to offset a judgment against a tortfeasor. *Collins v. Robinson*, 568 F.Supp. 1464 (D.C. Ark. 1983). Accordingly, we adopt this application of the collateral source rule and hold that appellee's unemployment benefits should not be deducted from his award of back pay.

*Id.* at 49–50, 696 S.W.2d at 718. Mr. Hill acknowledges that the collateral-source rule has never been applied in Arkansas to employment breach-of-contract cases where the dismissed employee has subsequently earned income from other employment. He now urges this court to apply the collateral-source rule and find that the damages owed by Marshall School District should not have been reduced by his income from other sources.

■ Despite the argument being raised by Mr. Hill, we find that the disposition of this issue is dictated by *Western Grove Sch. Dist. v. Strain*, 288 Ark. 507, 707 S.W.2d 306 (1986). In that case, a teacher prevailed on a contract dispute under the Arkansas Teacher Fair Dismissal Act, and the supreme court discussed possible mitigation of damages through other employment. The court held that, in such cases, the aggrieved party must use reasonable care, effort, and expenditure to mitigate damages. The court also held that the proper measure of damages is the loss sustained by the teacher, less any mitigation earnings that may be realized through subsequent employment.

■ Mr. Hill contends that *Western Grove School District* and *Green Forest Public Schools* are inconsistent and that we should follow the precedent set in the *Green Forest Public Schools* opinion. We, however, find no inconsistency. *Western Grove School District* involved the duty to mitigate through subsequent employment, while *Green Forest Public Schools* involved the effect of unemployment benefits in breach-of-employment contract actions. In the instant case, the precedent set in *Western Grove School District* is controlling. Mr. Hill had a duty to take reasonable steps to mitigate the damages, and he did so by seeking and finding other employment. The court's decision to consider his subsequent earnings in mitigation of damages was not erroneous.

Affirmed on appeal; affirmed on cross-appeal.

GRIFFEN and ROAF, JJ., agree.