4-8445                                    208 S. W. 2d 455

Opinion delivered February 23, 1948.

*Kenneth C. Coffelt,* for appellant.

*Buzbee, Harrison & Wright,* for appellee.

HOLT, J.   On August 24, 1946, appellant, Walter S. Barth, sustained injuries which arose out of and in the course of his employment by Reynolds Metals Company. Appellee, Liberty Mutual Insurance Company, was its insurance carrier and under the terms of its insurance policy and in accordance with the provisions of the Workmen's Compensation Law (Act 319 of 1939) paid the sum of $102.86 to appellant under § 13(b) and an additional

amount of $537.45 to cover doctor's, hospital and medical bills as provided in § 11, or a total of $640.31.

May 6, 1947, appellant sued a third party, The Southern Acid & Sulphur Company, Inc., alleging, in substance that the negligence of this company was the proximate cause of appellant's injuries and sought the recovery of $3,000 for pain and suffering and disfigurement.

On August 19, 1947, appellee, insurance carrier, intervened in the suit and prayed for judgment and a lien upon that part of two-thirds of the net proceeds recovered by appellant (plaintiff below) against the Southern Acid & Sulphur Company, Inc., to reimburse it for the amount, *supra,* it had paid appellant *as provided* under the terms of the Compensation Act.

Appellant in his answer to the intervention of appellee alleged that he had ''not sued for any loss of wages, nor any doctor's, medical or hospital bills, nor for loss of time from work, nor any disability from any injury or disfigurement from any injury. He has only sued for physical pain and mental anguish and the disfigurement itself; that, therefore, the Workmen's Compensation Act does not apply,'' etc.

On September 8th thereafter a judgment, by consent, in the sum of $2,000 was entered against the Southern Acid & Sulphur Company, Inc., ''in full settlement of the cause of action set forth in the complaint, and any and all causes of action arising out of the accident complained of as between plaintiff and defendant,'' etc.

By direction of the court, the $2,000 was paid into the registry of the court and under the judgment, the court declared as a matter of law that appellee, insurance carrier, was entitled to a lien in the amount of $640.31 against the proceeds of the $2,000 judgment paid into the court by the Southern Acid & Sulphur Company, Inc.

This appeal is from the action of the court in sustaining appellee's intervention and awarding it a lien

against the proceeds of the judgment against the Southern Acid & Sulphur Company, Inc.

Appellant says: "The issue is, whether, under the facts presented by this record, and under the provisions of the Workmen's Compensation Law, the appellee is entitled to have $640.31 out of the $2,000 Southern Acid & Sulphur Company, Inc. paid appellant in settlement of the dispute between appellant and Southern Acid & Sulphur Company, Inc., on the issue raised by appellant's complaint against Southern Acid. Appellant asked for damages from Southern Acid for conscious pain and suffering and for disfigurement only, wholly and apart from any loss of wages or doctor's, hospital or medical bills or diminished earning capacity."

In the recent case of *J. L. Williams & Son* v. *Smith,* 205 Ark. 604, 170 S. W. 2d 82, which involved the Workmen's Compensation Act, we said: "The cause of action of one claiming under the Workmen's Compensation Act is purely statutory," and that one claiming under its provisions "has no claim or cause of action except the one given him by" the Act.

Section 4 provides: "The rights and remedies herein granted to an employee subject to the provisions of this Act, on account of personal injury or death, shall be exclusive of all other rights and remedies of such employee, . . . to recover damages from such employer on account of such injury," etc.

In the present case, appellant after having accepted benefits under the Workmen's Compensation Law, as indicated, elected, as was his right, to bring an action in tort for damages against the Southern Acid & Sulphur Company, Inc., a third party, which he alleged was guilty of negligence proximately causing his injuries. The fact that he had already accepted benefits from his employer or the insurance carrier did not preclude him from bringing a tort action against the third party.

Section 40 of the Compensation Law specifically gives him this right. That section provides: "Third Party Liability. (a) (1) The making of a claim for

compensation against any employer or an insurance carrier for the injury or death of an employee shall not affect the right of the employee, or his dependents, to make claim or maintain an action in tort against any third party for such injury, but the employer or his insurance carrier shall be entitled to reasonable notice and opportunity to join in such action. If they, or either of them join in such action, they shall be entitled to a first lien upon two-thirds of the net proceeds recovered in such action that remain after the payment of the reasonable costs of collection, for the payment to them of the amount paid to and be paid by them as compensation to the injured employee. (2) The commencement of an action by an employee or his dependents against a third party for damages by reason of an injury, to which this Act is applicable, or the adjustment of any such claim shall not affect the rights of the injured employee or his dependents to recover compensation, but any amount recovered by the injured employee or his dependents from a third party shall be applied as follows: Reasonable costs of collection shall be deducted; then one-third of the remainder shall in every case, belong to the injured employee or his dependents as the case may be; the remainder, or so much thereof as is necessary to discharge in actual amount the liability of the employer and the insurance carrier for compensation, shall be paid to such employer or insurance carrier; and any excess shall belong to the injured employee or his dependents.

"(b) An employer or insurance carrier who shall have paid a lawful claim under this Act for the injury or death of an employee shall have the right to maintain an action in tort against any third party responsible for such injury or death. After reasonable notice and opportunity to be represented in such action by counsel shall have been given to the compensation beneficiary, the liability of such third party to such compensation beneficiary shall be determined in such action as well as his liability to the employer and insurance carrier. After recovery shall be had against such third party by suit or otherwise, the compensation beneficiary shall be entitled to any amount recovered over and above the amount that

the employer and insurance carrier have paid or are liable for in compensation, after deducting reasonable costs of collection, and in no event shall the compensation beneficiary be entitled to less than one-third of the amount recovered from the third party, after deducting the reasonable cost of collection. Settlement of such claims and the distribution of the proceeds therefrom must have the approval of the Court or of the Commission.''

Having elected, however, to proceed in tort against the third party under the above provisions of the Compensation Law, the proceeds of the $2,000 recovered must be applied under the act as follows:

''Reasonable costs of collection shall be deducted; then one-third of the remainder shall in every case, belong to the injured employee . . .; the remainder, or so much thereof as is necessary to discharge in actual amount the liability of the employer and the insurance carrier for compensation, shall be paid to such employer or insurance carrier; and any excess shall belong to the injured employee . . .''

As we have indicated, appellant had the right to sue the third party, Acid Company, for his damages, but he cannot bring successive suits for parts. His suit, and damages recovered, are an entirety.

Here, appellant sued only for mental pain and suffering and disfigurement, and seeks to defeat appellee's lien on the ground that the Compensation Act does not cover these elements of damage, but covers only loss of time, wages, hospital and doctor's bills. We think, however, that since appellant could have sued for all elements of damages in one tort action, that is not only for mental pain and suffering and disfigurement, but for loss of time, wages, medical and hospital expenses, when he, as here, elected to sue only for mental pain and suffering and disfigurement he was limited to the one recovery and could not defeat appellee's lien on the proceeds of such recovery.

The principles of law announced in *Hydrick v. St. Louis Iron Mountain & Southern Railway Company*, 118

Ark. 402, 177 S. W. 5, L. R. A. 1916B, 742, apply with equal force here. In that case an injured passenger sued to recover for pain and suffering, medical attention, disfigurement and humiliation. He made no claim for loss of time or diminished earning capacity. He recovered a substantial judgment. He later brought another suit on the same injury and sought damages for loss of time and diminished earning capacity. The trial court sustained the plea of res judicata and on appeal this court said:

"The judgment of the Circuit Court was right. The cause of action and the damages recovered therefor are an entirety. The party injured must demand all the damages which he has suffered or ever will suffer from the injury, grievance or cause of action upon which this action is founded. He cannot split a cause of action and bring successive suits for parts, because he may not be able at first to prove all the items of the demand or because all of the damages have not been suffered. If he attempted to do so, a recovery in the first suit, though for less than his whole demand, will be a bar to the second action. . . .

"It is common learning that a plaintiff can not thus split up a cause of action, and bring several actions for the different items of damage, resulting from the one cause of action. If he does bring an action for some only of such items of damage, he is barred from bringing another action for any other items of damage from the same cause."

We conclude, therefore, that the action of the trial court in awarding appellee judgment and a lien on the proceeds of the settlement, supra, was correct, and accordingly, the judgment is affirmed.

McFADDIN and MILLWEE, JJ., dissent.