**Charles COLLINS and James Woody McNeely, Appellees,**

v.

**Tommy ROBINSON, Sheriff of Pulaski County, Arkansas, Individually and in his Official Capacity, and Pulaski County, Arkansas, Appellants.**

No. 83–2400.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1984.

Decided June 4, 1984.

Henry & Duckett, Stephen L. Curry, Little Rock, Ark., for appellants.

Mays & Crutcher, P.A., Richard L. Mays, Little Rock, Ark., for appellees.

Before HEANEY, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

The defendant, Sheriff Tommy Robinson, appeals from the district court judgment in favor of James Woody McNeely and Charles Collins on their race discrimination claims brought under Title VII, 42 U.S.C. §§ 2000e *et seq.,* and in favor of Collins on his action brought under 42 U.S.C. § 1983 for violations of his first amendment right to free speech and his fourteenth amendment right to due process. *See Collins v. Robinson,* 568 F.Supp. 1464 (E.D.Ark. 1983). We affirm.

Sheriff Robinson fired Collins after he wrote a memorandum to his superiors describing the inappropriate conduct of a superior officer. On the evening of November 10, 1981, Collins, who is black, was the ranking officer at the Pulaski County Jail. While at a meeting of the local legislative body, the sheriff heard a rumor that the personnel at the jail were planning a walkout. He dispatched his second in command, Major Mark Bowman, to the jail to investigate. When Bowman arrived at the jail, he threatened and cursed Collins in front of other jail personnel. Collins submitted a memorandum to his superiors protesting the incident. The memorandum was also widely distributed among jail personnel, although the district court specifically found Collins was not responsible for distribution of the memorandum outside the chain of command. Sheriff Robinson subsequently fired Collins without a pretermination hearing. Collins filed a grievance with the Pulaski County Grievance Board. After a hearing, the Board recommended Collins be given reinstatement with full back pay and an apology. Sheriff Robinson refused the Board's recommendation. Collins filed an EEOC charge and, after receiving a right-to-sue letter, he commenced this action on May 17, 1982.

McNeely joined the sheriff's department in 1977. He left the department for a short time to work as an investigator for the Alcoholic Beverage Control·Board, but returned in September, 1980. In June, 1981, McNeely's platoon leader recommended McNeely and two white deputies for promotion to corporal. In April, 1982, McNeely was the only black on a list of five persons recommended for such a promotion. A group of superiors interviewed each of the five candidates and ranked them in the recommended order of promo-

**1322**

tion. Although McNeely was ranked third, the white candidate who had been ranked fifth was promoted ahead of him. McNeely filed an EEOC charge on August 10, 1982. Thereafter, he received a right-to-sue letter and the district court gave him permission to intervene in Collins' suit on April 7, 1983.

The district court held that Collins' memorandum to his superiors was speech protected by the first amendment. The court then submitted to the jury the question of whether the memorandum was a substantial or motivating factor in Collins' discharge. The jury found in the affirmative and awarded Collins $5,927 in damages, the back pay Collins lost between his discharge and the verdict date. The court also held Collins' discharge without a pretermination hearing violated due process. Finally, the district court held that Collins had established a prima facie case of race discrimination and had shown Robinson's articulated reasons for discharging him were pretextual, thus proving his Title VII claim.

The court also found Robinson's articulated reasons for not promoting McNeely were pretextual. The court ordered McNeely promoted and paid damages consisting of the difference between a deputy's pay and a corporal's pay from May 15, 1982.

On appeal, Robinson contends: (1) that Collins' memorandum is not protected speech; (2) that Collins had no protected property interest in continued employment; (3) that both Collins and McNeely failed to establish their discrimination claims; and (4) that in the event this Court reverses the district court's determination on the merits, the award of attorneys' fees should also be set aside. After reviewing the decision below, the record, and the briefs on appeal, we are convinced the court committed no error of law or fact. We therefore affirm on the basis of the well-reasoned opinion of the district court. *See* 8th Cir.R. 14.