Chris BROWN, Plaintiff,

v.

PEPSICO, INC. and Beverage Products Corporation, Defendants.

Civ. No. 93–CV–5091.

United States District Court,
W.D. Arkansas,
Fayetteville Division.

Jan. 12, 1994.

Laura J. McKinnon, McKinnon Law Firm, Fayetteville, AR, for plaintiff.

Thomas B. Burke, Burke & Eldridge, P.A., Fayetteville, AR, Richard E. Lieberman, Robert T. Zielinski, Harry J. Secaras, Ross & Hardies, Chicago, IL, for defendants.

***JUDGMENT***

H. FRANKLIN WATERS, Chief Judge.

On this 12th day of January, 1994, comes now before the court for consideration defendants' motion for summary judgment and plaintiff's response thereto. The court carefully has considered the motion and is now ready to rule. For the reasons set forth below, the court finds that the motion should be and hereby is granted for defendants and this action is dismissed.

Defendants removed plaintiff's action to this court on June 2, 1993. Plaintiff has attempted to bring an action on his behalf and on behalf of unnamed "classes of employees of the defendants who have been, contin-

ue to be, and may in the future be adversely affected by the actions and omissions which are the subjects of this complaint." As the plaintiff has not obtained certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, the court will recognize this matter as an action by the single named plaintiff, Chris Brown, against the named defendants, Pepsico, Inc. and Beverage Products Corporation.

In count one, plaintiff contends that the defendants wrongfully terminated his employment for filing a claim with the Workers' Compensation Commission in violation of Ark.Code Ann. § 11–9–107 (1987). Specifically, plaintiff contends that he suffered job-related injuries in 1990 and 1991 and filed a workers' compensation claim with respect to these injuries. Thereafter, despite his good work record and alleged ability to return to work following recovery, defendants terminated plaintiff on August 3, 1992. Plaintiff contends that he was terminated because of the work-related injury and subsequent workers' compensation claim.

In count two, plaintiff alleges that the defendants' employee manual established a contractual employee/employer relationship between the plaintiff and defendants. Plaintiff further alleges that this contract was breached by defendants' termination of plaintiff without just cause. Plaintiff seeks damages and injunctive relief on his two claims.

Defendants have filed a motion for summary judgment, contending that plaintiff was terminated from his employment pursuant to a neutral company attendance policy rather than because of any retaliatory or otherwise wrongful motive connected to his prior filing of a workers' compensation claim. Additionally, defendants contend that the Pepsico handbook is insufficient, as a matter of law, to create a contract between plaintiff and defendants because it does not contain express provisions for employment terminable only for cause. Indeed, defendants contend that the handbook clearly provides for at-will employment only. Thus, defendants argue that summary judgment is appropriate as no genuine issue of fact remains in dispute and under the facts of this case, plaintiff cannot establish a prima facie case of retaliatory discharge or breach of contract.

Plaintiff has responded that genuine issues of fact remain with respect to both counts of his complaint. Plaintiff contends that Arkansas courts have not decided the issue of whether termination pursuant to a neutral attendance policy may result in a claim for retaliatory discharge and that this court is not bound by the decisions of other jurisdictions on this issue. And even should the court determine that termination pursuant to a neutral attendance policy does not give rise to an action for retaliatory discharge, plaintiff contends that genuine issues remain as to whether defendants' policy is facially neutral, and whether it is applied in a neutral manner or is merely a smoke-screen to hide retaliatory conduct against employees who exercise their workers' compensation rights. Plaintiff also contends that he has illustrated sufficient circumstantial evidence that defendants' terminated him because of a compensable work-related injury to establish a prima facie case and survive the motion for summary judgment. Additionally, plaintiff contends that a question of fact remains as to whether certain express statements in the employee handbook indicate that an employee is terminable only for cause. Plaintiff requests that the motion for summary judgment be denied.

Counsel for the parties are well-versed in the standard to be applied to motions for summary judgment. Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir.1987); Fed.R.Civ.P. 56. The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied.

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202

(1986). *See also AgriStor Leasing v. Farrow,* 826 F.2d 732 (8th Cir.1987); *Niagara of Wisconsin Paper Corp. v. Paper Industry Union—Management Pension Fund,* 800 F.2d 742, 746 (8th Cir.1986).

The Eighth Circuit Court of Appeals has advised trial courts that summary judgments should be cautiously invoked so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States,* 600 F.2d 725 (8th Cir.1979), *cert. denied,* 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979). The Court has recently reviewed the burdens of the respective parties in connection with a summary judgment motion. In *Counts v. MK–Ferguson Co.,* 862 F.2d 1338 (8th Cir.1988), the court stated:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.,* '[to] point[ ] out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339, *quoting, City of Mt. Pleasant v. Associated Elec. Coop.,* 838 F.2d 268, 273–74 (8th Cir.1988) (citations omitted) (brackets in original).

However, the Court of Appeals for this circuit has also held that the court, in ruling on the motion for summary judgment, must give the non-moving party "the benefit of the reasonable inferences that can be drawn from the underlying facts." *Fischer v. NWA, Inc.,* 883 F.2d 594, 598 (8th Cir.1989) (*citing Trnka v. Elanco Products,* 709 F.2d 1223 (8th Cir.1983)).

## A. Retaliatory Discharge

As a preliminary matter, the court notes that in 1993 the Arkansas legislature amended Ark.Code Ann. § 11–9–107 in what appears to be an attempt to abolish claims such as the one currently before the court. Substantially amending subsection (a) and adding subsections (b)-(e), § 11–9–107 now reads as follows:

### Penalties for discrimination for filing claim

(a)(1) Any employer who willfully discriminates in regard to the hiring or tenure of work or any term or condition of work of any individual on account of the individual's claim for benefits under this chapter, or who in any manner obstructs or impedes the filing of claims for benefits under this chapter, shall be subject to a fine of up to ten thousand dollars ($10,000) as determined by the Workers' Compensation Commission.

(2) This fine shall be payable to the Second Injury Trust Fund and paid by the employer and not by the carrier.

(b) In addition, the prevailing party shall be entitled to recover costs and a reasonable attorney's fee payable from the fine; provided, however, if the employee is the nonprevailing party, the attorney's fee and costs shall, at the election of the employer, be paid by the employee or deducted from future workers' compensation benefits.

(c) The employer may also be found guilty of a Class D felony.

(d) This section shall not be construed as establishing an exception to the "employment at will" doctrine.

(e) A purpose of this section is to preserve the exclusive remedy doctrine and specifically annul any case law inconsistent herewith, including but not necessarily limited to: *Wal–Mart Stores, Inc. v. Baysinger,* 306 Ark. 239, 812 S.W.2d 463 (1991); *Mapco, Inc. v. Payne,* 306 Ark. 198, 812 S.W.2d 483 (1991); and *Thomas v. Valmac Industries, Inc.,* 306 Ark. 228, 812 S.W.2d 673 (1991).

Ark.Code Ann. § 11–9–107 (1993). Thus, it appears to the court that claims such as those of the plaintiff which are filed after July 1, 1993, the effective date of the act, are claims made to the Arkansas Workers' Com-

pensation Commission rather than to the courts. The statute further clarifies that this remedy should not be construed as creating an exception to the employment at-will doctrine. Moreover, as the court reads the plain language of the statute, the legislative enactment is a direct annulment of the Arkansas law supporting a private cause of action for retaliatory discharge in connection with workers' compensation claims. However, as the plaintiff's complaint was filed before the effective date of the amendments, the court must proceed to analyze this matter under prior law.

At the time of plaintiff's filing the statute provided as follows:

> Penalties for discrimination for filing claim
>
> Any employer who willfully discriminates in regard to hiring or tenure of work or any term or condition of work of any individual on account of his claiming benefits under this chapter or who in any manner obstructs or impedes the filing of claims of benefits under this chapter shall be guilty of a misdemeanor and on conviction shall be punished by a fine not to exceed one hundred ($100) dollars, or by imprisonment of not to exceed six (6) months, or by both fine and imprisonment.

Ark.Code Ann. § 11–9–107 (1987). Although this provision does not seem to provide for a private cause of action, a decision of the Arkansas Supreme Court reached a contrary conclusion in the case of · Wal–Mart Stores, Inc. v. Baysinger, 306 Ark. 239, 812 S.W.2d 463 (1991).

Pam Baysinger had been employed by Wal–Mart in Bentonville, Arkansas from January 14, 1982 until October 1, 1986. During August of 1986, Baysinger suffered a work-related back injury for which she filed an received workers' compensation benefits. On September 11, 1986, she returned to work at Wal–Mart in a modified work duty because of physician imposed lifting restrictions. Then on September 26, Baysinger was reinjured at work. She underwent treatment and returned to work on September 29th and September 30th but was sent home by her supervisor on both days. When Baysinger arrived at work on October 1, 1986, she was informed by the personnel supervisor that her employment was being terminated for her inability to perform job duties. Baysinger had not yet filed for additional workers' compensation benefits based upon her re-injury and brought a retaliatory discharge claim against Wal–Mart. A jury awarded Baysinger $24,000.00 in compensatory damages. Wal–Mart appealed, contending that the Arkansas Workers' Compensation Act provided Baysinger's exclusive remedy as Arkansas courts had not recognized a claim for retaliatory discharge and therefore the trial court lacked subject matter jurisdiction. Wal–Mart also argued that the Arkansas legislature had failed to provide a civil remedy under which Baysinger could bring her claim and thus, the court exceeded its powers when establishing a new cause of action based upon statutory law versus common law.

The Arkansas Supreme Court held, however, that Baysinger could bring a retaliatory discharge action against Wal–Mart notwithstanding that exclusive remedies section of the Workers' Compensation Act. The court concluded that § 11–9–107 set forth the public policy of the Act and that "[a]n employer violates this public policy when he discharges an employee for claiming workers' compensation benefits under the Act." Id., 306 Ark. at 245, 812 S.W.2d 463. Consequently, the court concluded that the exclusive remedies portion of the Act [1] should not shield employers from liability when they violate that policy. The majority of the court further concluded that it was not exceeding its power by supporting retaliatory discharge, but rather, it was merely allowing a civil cause of action to proceed based upon a public policy already articulated by the Arkansas General Assembly. The court similarly reasoned that the retaliatory discharge claim forms a "public policy" exception to the general rule in Arkansas favoring "at-will" employment.

Placing the burden of proof on the employee, the Baysinger court required "substantial evidence that the workers' compensation claim was a cause of the discharge," looking to Larson's treatise on workers' compensa-

---

1. See Ark.Code Ann. § 11–9–105 (1987).

tion as a guide for determining when an employee has made a prima facie case of retaliatory discharge. According to Larson, the employee first must be discharged from employment. Second, the discharge must be in retaliation for exerting rights under the Workers' Compensation Act.[2] And last, a nexus must exist between the employee's dismissal and an attempt by the employer to interfere with its employee's workers' compensation rights. *See* 2A Arthur Larson, The Law of Workers' Compensation, § 68.-36(a)-(c) (1990). Once a prima facie case has been made, the burden shifts to the employer to prove that there was a legitimate, non-retaliatory reason for the discharge. *Id.* at § 68.36(d). Upon review, the court found that there was substantial evidence to support the jury's finding of retaliatory discharge.

▮ Giving the plaintiff "the benefit of the reasonable inferences that can be drawn from the underlying facts," the court finds that summary judgment should be granted as no genuine issues of material fact remain in dispute with respect to plaintiff's retaliatory discharge claim. Plaintiff's response to the motion for summary judgment was simply that "this court is **not** bound as a matter of law" to reach the conclusions of other jurisdictions cited in defendants' brief in support of summary judgment. Plaintiff also has responded that questions of fact remain as to whether the defendants' attendance policy is actually a neutral attendance policy and that sufficient circumstantial evidence of retaliatory conduct has been presented to survive summary judgment. The plaintiff, however, has not claimed that the facts of this case are in dispute, rather offering only a different legal conclusion than that proposed by defendants.

The court believes that plaintiff has not and cannot present "substantial evidence" that plaintiff's workers' compensation claim was the cause of his discharge. The evidence supports that plaintiff was hired by defendants in January, 1978, and worked as a route salesman for the Springdale plant during his entire employment with defendants.

As a route salesman, plaintiff was responsible for the delivery and sales of Pepsi–Cola Products to retail store accounts, specifically driving a truck from the plant to individual stores, loading and unloading several hundred cases of soda each day, and physically delivering the soda inside each store. Plaintiff hurt his back in March of 1990 while making a soda delivery; he underwent surgery and remained off work until October 29, 1990, at which time his treating physician gave plaintiff a full release to return to work. Thereafter, in May or June of 1991, plaintiff reinjured his back while delivering soda. On June 3, 1991, plaintiff's physician, Dr. Williams, issued a written statement that plaintiff was to remain off work until July 16, 1991 and advised that plaintiff could return only to light duty work and "no heavy lifting, pushing or pulling." Dr. Williams treated plaintiff until November 21, 1991; Dr. Williams has never modified the light duty restrictions nor issued a full release for plaintiff to return to work. As of June 3, 1991, plaintiff went on indefinite workers' compensation leave and began receiving workers' compensation temporary total disability benefits. On April 15, 1992, plaintiff settled all of his claims under the Workers' Compensation Act for $15,000.00. There is absolutely no evidence that defendants challenged either of plaintiff's claims.

Between November, 1991, and April, 1992, Brown had one or more telephone conversations with James Roth, defendants' employee relations manager responsible for the Springdale plant. Roth's affidavit indicates that Roth informed plaintiff that he could not be returned to his job as a route sales driver because the defendants had not received a release for plaintiff to return to full duties. Roth stated that the only "light duty" positions which plaintiff could perform were clerical positions which paid substantially less than his $30,000 plus route sales position and would likely require relocation to Tulsa, Oklahoma, however, defendants would consider plaintiff for those positions if he was interested.

---

2. In Arkansas, however, as in some jurisdictions, an employer who discharges an employee in anticipation of the exercise of those rights may be liable.

On August 3, 1992, plaintiff had a substantially similar conversation with Roth which plaintiff tape recorded. The transcript indicates that during this conversation, Roth again indicated that defendants had not received a full release for plaintiff to return to work and that defendants were willing to consider plaintiff for clerical opportunities within the company. Additionally, Roth told plaintiff that he had been administratively terminated as of June 3, 1992, pursuant to defendants' attendance policies which provide for termination of an employee who does not work for one year regardless of the reason for the absence.

Certainly plaintiff was discharged from his position with defendants as a route sales driver. However, there is no direct evidence and very little, if any, circumstantial evidence that the discharge was in retaliation for exertion of plaintiff's rights under the Arkansas Workers' Compensation Act. Unlike Baysinger, the plaintiff's physician never released plaintiff for full duty but only for "light duty," and plaintiff was given the opportunity to fill "light duty" positions within the company, an opportunity denied to Baysinger.

■ No substantial evidence was presented, circumstantial or otherwise, of motive or intent by defendants to violate the public policy of this state as set forth in Arkansas Code Annotated § 11-9-107 (1987). Furthermore, there is no public policy in this state that requires an employer to keep an employee whom the employer recognizes has become physically unsuited for the job. In fact, in this case, the evidence supports the conclusion that defendants made a diligent effort to accommodate plaintiff but that plaintiff refused a "light duty" or clerical position because of the reduced salary.

Plaintiff was terminated, regrettably, because he could no longer perform the work due to a back injury. The result was harsh, and arguably unfair, but plaintiff's prolonged absence due to injury was the reason for his discharge. There is no substantial evidence to the contrary. Thus, the court finds that the motion for summary judgment should be granted on the retaliatory discharge claim.

## B. Breach of Contract Claim

■ Plaintiff also has brought a claim for breach of contract, contending that the employee handbook creates a contractual employment relationship between plaintiff and defendants which may be terminated only for cause. The court finds the opposite to be true. The employee handbook very specifically recites that employees are employed at-will rather than by contract, stating:

(a) The employee may quit at any time, with or without notice;

(b) The company may terminate an employee, with or without cause, with or without notice; and

(c) No manager, supervisor, or other representative of the company has any authority to change these rules.

As Arkansas law requires an express recitation that the employment will be terminable only for cause, the court finds that no contract for employment terminable only for cause was created by defendants' employee handbook. *See Smith v. American Greetings Corp.*, 304 Ark. 596, 804 S.W.2d 683 (1991). Thus, summary judgment for defendants is also proper on plaintiff's breach of contract claim.

## C. Conclusion

The court finds, for the above stated reasons, that summary judgment should be and hereby is granted for defendants on each of plaintiff's claims and this action is hereby dismissed.

IT IS SO ORDERED.