Roy LEGGETT *v.* CENTRO, INC.,
d/b/a Arkansas Division of Centro, Inc.

94-317                                              887 S.W.2d 523

Supreme Court of Arkansas
Opinion delivered November 21, 1994
[Rehearing denied January 9, 1995.]

*Gibson, Hamm & Westphal*, by: *Nancy L. Hamm*, for appellant.

*Roy & Lambert*, by: *Jerry L. Lovelace*, for appellee.

Tom Glaze, Justice. Appellant Roy Leggett worked as a machine operator for appellee Centro, Inc. His job required repetitive gripping activities which he claimed caused his elbow to hurt. Leggett went to a doctor who diagnosed Leggett's condition as tennis elbow tendinitis. The doctor related Leggett's injury to his job. Upon Leggett's return to work, his injury and pain continued, and he subsequently received medical treatments and physical therapy. Leggett's physician released him with a ten percent permanent disability to his right arm, and opined Leggett should not return to a job requiring repetitive gripping motions or heavy lifting. The physician recommended Leggett be retrained in another vocation which did not require use of the right hand or arm. Eight days after receiving the physician's letter, Centro terminated Leggett, stating it had no position that met the physician's restrictions.

Leggett filed suit against Centro, alleging Centro's actions in discharging Leggett constituted unlawful retaliatory conduct for Leggett's having filed a workers' compensation claim. Centro's defense was largely based upon its contention that, because of the restrictions placed on Leggett by his physician, Leggett could no longer perform his job; nor did Centro have other jobs Leggett could perform. Following a jury trial, the jury returned a verdict in Centro's favor from which Leggett brings this appeal.

Leggett's points on appeal involve the correctness of jury instructions 7, 8 and 9 to which he objected below. These instructions, along with instruction 6, are not pattern instructions found in Arkansas Model Jury Instructions. Instead, they were apparently drawn in an attempt to meet the principles of law announced in *Wal-Mart, Inc. v. Baysinger*, 306 Ark. 239, 812 S.W.2d 463 (1991). That being so, we first discuss the *Baysinger* decision before evaluating the parties' instructions and objections thereto.

In *Baysinger*, Baysinger filed an action against Wal-Mart,

alleging she had worked for Wal-Mart but that Wal-Mart wrongfully terminated her because she had prosecuted a workers' compensation claim. The trial court instructed the jury on wrongful discharge, and the jury returned a verdict in Baysinger's behalf. Wal-Mart appealed, arguing Baysinger's exclusive remedy was under the Workers' Compensation Act, and the trial court lacked jurisdiction of the wrongful discharge claim she filed. This court rejected Wal-Mart's argument.

In upholding Baysinger's wrongful discharge claim, we recognized the general rule that, when the term of employment in a contract is left to the discretion of either party, or left indefinite, or terminable by either party, either party may put an end to the relationship at will and without cause. The *Baysinger* court noted that well-defined exceptions existed to the at-will doctrine and held that a public policy exception occurs when an employer discharges an employee for claiming workers' compensation benefits. *Id.* This court further held that the employee has the burden to establish a prima facie case of wrongful discharge which is made by substantial evidence that the workers' compensation claim was a cause of the discharge. *Id.* After the employee makes a prima facie case, the burden then shifts to the employer to prove there was a legitimate, non-retaliatory reason for the discharge. *Id.* The *Baysinger* court explained such a reason might be the one offered by Wal-Mart, namely, that employee/Baysinger did not have the physical ability to do her job, or any other job which might have been provided at that point.

In the present case, the trial court gave instructions 6, 7, 8 and 9 which the court believed covered the law applicable in a wrongful discharge case. No one objected to instruction 6 which basically stated that, while an employee, as a general rule, can be terminated at will without any reason or cause, an employee may not be terminated for claiming workers' compensation benefits since to do so would violate Arkansas's law and public policy that such claims and benefits be paid.

The court next gave instruction 7 which spelled out that Leggett, as employee, had the burden to establish a prima facie case of wrongful discharge by showing (1) he sustained damages, (2) he was discharged from employment with Centro, (3) a cause of the discharge was his workers' compensation claim and

(4) the wrongful discharge was the proximate cause of his damages.[1] This instruction defined prima facie case as one which has proceeded upon sufficient proof to that stage where it will support a finding in Leggett's favor if evidence to the contrary is disregarded, and in determining whether Leggett had proved the third element, that a cause of the discharge was his workers' compensation claim. The jury was instructed that Leggett did not have to prove that the sole motivation for discharge was the workers' compensation claim, but rather the claim was one of the causes of discharge. The next paragraph of instruction 7 contained language to which Leggett objected and that paragraph, with objectionable language emphasized, reads as follows:

> If you find from the evidence in this case that each of these four propositions has been proved, then the burden of proof shifts to the employer to prove that there was a legitimate non-retaliatory reason for the discharge. *For example, such a reason might be that the employee did not have the physical ability to do his job.* (Emphasis added.)

The trial court concluded its instructions bearing on wrongful discharge by giving instructions 8 and 9 which respectively related that Centro was not required to keep an employee (Leggett) who was unable to perform the duties he was performing prior to his injury and that, by law, Centro was not required to offer Leggett alternate jobs, within its factory, equal to Leggett's restrictions.

At trial, and now on appeal, Leggett's objection to instruction 7 is that the instruction erroneously listed one of Centro's defenses, namely, that Centro could prove it discharged Leggett for a legitimate non-retaliatory reason by showing Leggett did not have the physical ability to do his job. Leggett further claims instructions 8 and 9 compound the error in instruction 7 by making further evidentiary comments by instructing the jury "an employer is not required to keep an employee who is unable to

---

[1]We note that the proper recovery of damages in a public policy wrongful discharge action is the sum of lost wages from termination until the day of trial, less the sum of any wages that the employee actually earned or could have earned with reasonable diligence. *Sterling Drug, Inc.* v. *Oxford*, 294 Ark. 239, 743 S.W.2d 380 (1988). Additionally, an employee can recover for any other tangible employment benefit lost as a result of the termination, but future damages are not recoverable. *Id.*

perform the duties he was performing prior to his injury" and "Arkansas law does not require Centro to offer Leggett alternative jobs within the factory equal to his restrictions."

We agree that the language he objects to in instruction 7 and instructions 8 and 9 unnecessarily singled out particular facts for undue emphasis. *Harlan* v. *Curbo, Guardian*, 250 Ark. 610, 446 S.W.2d 459 (1971). In instruction 6, the trial court thoroughly and correctly instructed the jury concerning Arkansas's discharge-at-will law and its public policy exception pertaining to an employee's right to make a valid claim for workers' compensation benefits. By instruction 7, it then instructed the jury that, if Leggett failed to establish a prima facie case of wrongful discharge or if Centro had proved it had "a legitimate nondiscriminatory reason for the discharge, then the jury's verdict should be for Centro." However, the trial court continued with instruction language that directed the jury's attention to the facts that Centro was not required to keep Leggett if he was unable to perform his prior duties, nor was it required to offer Leggett an alternative job. Centro incorrectly argues that instructions 8 and 9 set out the law as found in *Baysinger*. Instead, *Baysinger* merely suggested that an employee's inability to perform his or her prior job or other available jobs were examples of legitimate, non-retaliatory reasons for discharging the employee. By using these examples in its instructions, the trial court gave added impetus to reasons why Centro could discharge Leggett and thereby diminished its earlier instruction that, even if Centro had other reasons for terminating Leggett, Leggett had only to prove that his workers' compensation claim was one of those reasons.

For the reasons given above, we reverse and remand the case for a new trial.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. I respectfully disagree that this case should be tried a second time. The trial court labored to instruct the jury in a manner consistent with *Wal-Mart Stores, Inc.* v. *Baysinger*, 306 Ark. 239, 812 S.W.2d 463 (1991), and was, I believe, reasonably successful. Some indication of that effort is demonstrated by the fact that the language of instruction 7 which the majority dislikes ("For example, such a reason might

be that the employee did not have the physical ability to do his job.") is included in instructions 3 and 4 requested by the appellant.

But I would affirm the trial court on a different ground. In *Baysinger*, a majority of this court fashioned from whole cloth a cause of action for retaliatory discharge of an employee for filing a workers' compensation claim. That decision was crafted largely on *Sterling Drug, Inc.* v. *Oxford*, 294 Ark. 239, 743 S.W.2d 380 (1988) and *M.B.M. Co., Inc.* v. *Counce*, 268 Ark. 269, 596 S.W.2d 681 (1980), neither of which had the slightest connection with the law of workers' compensation. The opinion in *Baysinger* mentions the provision of the Arkansas Workers' Compensation Act imposing penalties on an employer who discriminates against an employee who files a claim [Ark. Code Ann. § 11-9-107 (1987)], but made no serious analysis of the exclusive remedy doctrine. I need not repeat the view expressed in dissent to the *Baysinger* decision (Special Justice Alan Epley and Hays, J., dissenting; Brown, J., dissenting on other grounds) except to emphasize that this court has said repeatedly that it has no power to create a cause of action not provided for in the Workers' Compensation Act; that its remedies are *exclusive. Seawright* v. *U.S.F. & G. Co.*, 275 Ark. 96, 627 S.W.2d 557 (1982); *Barth* v. *Liberty Mutual Ins. Co.*, 212 Ark. 942, 208 S.W.2d 455 (1948)(a cause of action under the act is *"purely statutory"*); in *Huffstettler* v. *Lion Oil Co.*, 110 F.Supp. 222 (W.D.Ark. 1953), Judge Miller wrote that *only the legislature* could create new causes of action under Amendment 26, creating the Workers' Compensation Act; and in *J.L. Williams & Sons, Inc.* v. *Smith*, 205 Ark. 604, 170 S.W.2d 82 (1943), this court wrote unanimously that if the legislature had not provided for court review, *then the courts could not have considered workers' compensation cases at all.*

The errancy of the *Baysinger* decision was confirmed by the General Assembly at its first session following *Baysinger*. Act 796 of 1993 reaffirms the exclusive remedy doctrine and specifically annuls *Baysinger* and two other ill advised decisions of this court.[1]

---

[1]*Mapco, Inc.* v. *Paine*, 306 Ark. 198, 812 S.W.2d 483 (1991); *Thomas* v. *Valmac Industries*, 306 Ark. 228, 812 S.W.2d 673 (1991).

In a comparable situation we applied Act 44 of 1989 [Ark. Code Ann. § 12-9-108(a) (1987)] retroactively, overruling *Grable v. State*, 298 Ark. 489, 769 S.W.2d 9 (1989) and *Mitchell* v. *State*, 298 Ark. 536, 769 S.W.2d 18 (1989). *See Ridenhour* v. *State*, 305 Ark. 90, 805 S.W.2d 639 (1991). In *White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986), we said: "the courts have no power to perpetuate a rule of law which the legislature has repealed." I submit that *Baysinger* is an aberration that never should have come about and appellant's asserted cause of action for retaliatory discharge is non-existent.