Tamara TACKETT *v.* CRAIN AUTOMOTIVE d/b/a Car Pro

94-1457                                                    899 S.W.2d 839

Supreme Court of Arkansas
Opinion delivered June 12, 1995

*David H. McCormick*, for appellant.

*Boyett, Morgan, Millar & Killough, P.A.*, for appellee.

DAVID NEWBERN, Justice. Tamara Tackett, the appellant, was injured in a car accident while working for the appellee, Crain Automotive. She filed a workers' compensation claim and was off the job for a time. When she was given a medical release to return to work, she was told her job had been eliminated due to slow business. She sued Crain Automotive for discharging her in retaliation for her having filed her worker's compensation claim. She asserted that Crain Automotive had hired others to do the work she once did. We affirm the Trial Court's decision granting Crain Automotive's motion, which cited Ark. R. Civ. P. 12(b), to dismiss Ms. Tackett's claim.

By Act 796 of 1993, the General Assembly eliminated the cause of action for retaliatory discharge described in *Walmart* v. *Baysinger*, 306 Ark. 239, 812 S.W.2d 463 (1991). Section 41 of

the Act declares its effective date to be July 1, 1993, and concludes as follows: "Furthermore, the provisions of this act shall apply only to injuries which occur after July 1, 1993." Ms. Tackett's compensable injuries occurred prior to July 1, 1993. In its brief in support of its motion to dismiss, Crain Automotive stated Ms. Tackett was discharged after July 1, 1993. In her response, Ms. Tackett did not disagree with that statement.

■ If Ms. Tackett's physical or compensable injury were the subject of her present claim, no doubt Act 796 would not apply. The claim with which we now are concerned, however, is her claim for retaliatory discharge which is not a compensable injury under the Workers' Compensation Act. Ms. Tackett's discharge, and her complaint alleging that it was retaliatory, occurred after the cause of action was abolished. Although we and a United States District Court have, subsequent to July 1, 1993, considered cases of retaliatory discharge, the cases were ones in which the complaint was filed before that date. *Leggett* v. *Centro, Inc.*, 318 Ark. 732, 887 S.W.2d 523 (1994); *Brown* v. *Pepsico, Inc.*, 844 F.Supp. 517 (W.D.Ark. 1994).

■ While we might agree that Ms. Tackett had, as she puts it, a "vested interest" in having remedies for her physical or compensable injuries evaluated according to the law at the time they occurred, she has cited no authority, and we know of none, in support of her argument that her wrongful discharge claim should be governed by any law other than that in effect at the time it occurred. We have no doubt that it was the intent of the General Assembly to abolish the cause of action for wrongful discharge as of July 1, 1993.

Affirmed.

GLAZE, CORBIN, and BROWN, JJ., dissent.

DONALD L. CORBIN, Justice, dissenting. I dissent. Historically, since the inception of the Arkansas Workers' Compensation Act, an endless string of case law has espoused that the Workers' Compensation Act is a remedial act for the benevolent and humanitarian purpose of protecting our injured workers in this state. *See, e.g., Osmose Wood Preserving* v. *Jones*, 40 Ark. App. 190, 843 S.W.2d 875 (1992). The legislature and the courts have zealously enforced this principle until the legislature began to shift

direction in the 1980's. The courts continued to steadfastly protect this principle until today's decision.

Traditionally, the Arkansas Workers' Compensation Act and the interpreting case law construed the term "injury" as being synonymous with "compensable injury." There is no doubt that the legislature's intent in the passage of Act 796 of 1993, in fact its avowed purpose, was to overrule our decisions in *Thomas* v. *Valmac Indus., Inc.*, 306 Ark. 228, 812 S.W.2d 673 (1991), *Wal-Mart Stores, Inc.* v. *Baysinger*, 306 Ark. 239, 812 S.W.2d 463 (1991), and *Mapco, Inc.* v. *Payne*, 306 Ark. 198, 812 S.W.2d 483 (1991), wherein we had this to say about Ark. Code Ann. § 11-9-107 as it existed then, prior to Act 796:

> This statutory provision is the clearest announcement by our legislature of a strong public policy that condemns retaliatory conduct by an employer who refuses to reemploy an employee for exercising a statutorily confirmed right to compensation for job-related injuries.

*Mapco*, 306 at 201, 812 S.W.2d at 485.

Because of the historical and traditional usage of the term "injury" being synonymous with "compensable injury," words of art under our compensation act, the legislature, which certainly removed the right of an injured employee to a remedy for retaliatory discharge, utilized the term "injury" in the emergency clause of the Act to mean its customary, historical and traditional usage. It is the filing of a claim for workers' compensation by an employee injured on the job that is the nexus to any remedy or benefit available under the Workers' Compensation Act, even under that act as it existed as of the date of appellant's "compensable injury." True enough, the refusal to rehire did not occur until after July 1993, but it flowed naturally from the occurrence of the filing of benefits for the January 1993 compensable injury.

GLAZE, J., joins in this dissent.

ROBERT L. BROWN, Justice, dissenting. I disagree that the new act applies to the facts of this case. The Emergency Clause attached to Act 796 of 1993 reads:

> It is hereby found and determined by the General Assembly that the Workers' Compensation Law is in imme-

diate need of substantial revision; that this act accomplishes immediate revision; and that this act shall go into effect as soon as is practical which is determined to be July 1, 1993; and that unless this emergency clause is adopted, this act will not go into effect until after July 1, 1993. Therefore, an emergency is hereby declared to exist, and this act being immediately necessary for the preservation of the public peace, health and safety shall be in full force and effect from and after July 1, 1993. *Furthermore, the provisions of this act shall apply only to injuries which occur after July 1, 1993.* (Emphasis added.)

The effective date of Act 796 was July 1, 1993. The injury to Tamara Tackett occurred on January 8, 1993. I can only read the term "injuries" in the Emergency Clause to refer to Ms. Tackett's injury caused by the car accident while working at Crain Automotive. That is the common meaning given to the term throughout the Workers' Compensation Code. *See, e.g.*, Ark. Code Ann. §§ 11-9-102(5), 11-9-702(a)(1)(B) (Supp. 1993). The Act by its own language does not apply to this fact situation.

I respectfully dissent.