Sheila ROHRER *v.* HART'S MANUFACTURING
COMPANY, Inc., a Tennessee Corporation

CA 95-312                                                917 S.W.2d 180

Court of Appeals of Arkansas
Division II
Opinion delivered March 20, 1996

*Keith Blackman*, for appellant.

*Jackson, Shields, Yeiser & Cantrell*, by: *Valerie Barnes Speakman*, for appellee.

JOHN E. JENNINGS, Chief Judge. Sheila Rohrer, the appellant, was employed by the appellee, Hart's Manufacturing Company, Inc. In November 1990, she sustained an on-the-job injury and subsequently filed a claim with the Arkansas Workers' Compensation Commission. In December 1991 she was fired. The parties settled appellant's workers' compensation claim in December 1993 by way of joint petition. In August 1994 appellant filed suit in Clay County Circuit Court, alleging that she had been discharged in retaliation for the filing of her workers' compensation claim and seeking damages. In January 1995 the circuit court granted summary judgment for the appellee, holding that the suit was barred by the language of the earlier joint petition and barred by Ark. Code Ann. § 11-9-107. We disagree and reverse and remand.

In 1991 the Arkansas Supreme Court decided *Wal-Mart Stores, Inc.* v. *Baysinger*, 306 Ark. 239, 812 S.W.2d 463 (1991). There the court held that an employee has a common-law action against his employer who fires him for claiming workers' compensation benefits. The court has since followed its decision in *Baysinger*. *See e.g., Mapco, Inc.* v. *Payne*, 306 Ark. 198, 812 S.W.2d 483 (1991); *Leggett* v. *Centro, Inc.*, 318 Ark. 732, 887 S.W.2d 523 (1994).

In 1993 the General Assembly passed Act 796, which eliminated the cause of action for retaliatory discharge. The Act, as codified in Ark. Code Ann. § 11-9-107 (Supp. 1995) provides, in part:

Any employer who willfully discriminates in regard to the hiring or tenure of work or any term or condition of work of any individual on account of the individual's claim for benefits under this chapter, or who in any manner obstructs or impedes the filing of claims for benefits under this chapter, shall be subject to a fine of up to ten thousand dollars ($10,000) as determined by the Workers' Compensation Commission.

. . .

A purpose of this section is to preserve the exclusive remedy doctrine and specifically annul any case law inconsistent herewith, including but not necessarily limited to: *Wal-Mart Stores, Inc.* v. *Baysinger*, 306 Ark. 239, 812 S.W.2d 463 (1991); *Mapco, Inc.* v. *Payne*, 306 Ark. 198, 812 S.W.2d 483 (1991); and *Thomas* v. *Valmac Industries, Inc.*, 306 Ark. 228, 812 S.W.2d 673 (1991).

Section 41 of the Act provides that "the provisions of this Act shall apply only to injuries which occur after July 1, 1993." The Act also declared its effective date to be July 1, 1993.

In *Tackett* v. *Crain Automotive*, 321 Ark. 36, 899 S.W.2d 839 (1995), the supreme court was faced with the question of the meaning of the word "injuries" as used in section 41 of Act 796. A majority held that the date of the injury was the date the worker was discharged from employment. The dissenting justices argued that the date of injury was the date the employee suffered a compensable injury at work.

In the case at bar, appellant was discharged in December 1991, long before the effective date of the Act. Therefore, by its terms, it is not applicable to her cause of action. The fact that her suit for damages was not filed until after the effective date of the Act is not determinative.

We also agree with the appellant that her claim is not barred by the language of the joint petition filed in the workers' compensation proceeding. The language in the joint petition relied upon by the appellee as a bar states: "It is further expressly understood and agreed by the parties hereto that if this joint petition be approved by the Commission, Claimant will have no other claim against Hart's of Arkansas or Wassau Insurance Companies under

the Arkansas Workers' Compensation Act of any nature[.]" The short answer to the appellee's contention is that appellant's suit in circuit court is not a "claim under the Arkansas Workers' Compensation Act." Appellant's cause of action for retaliatory discharge is not barred by the language of the joint petition. For the reasons stated the decision of the trial court is reversed and the case is remanded for further proceedings.

Reversed and Remanded.

ROBBINS and GRIFFEN, JJ., agree.