# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-3915

———————————————

Terry Foster

*Plaintiff - Appellant*

Janie Brewer

*Plaintiff*

v.

Rick Shipman Construction Inc

*Defendant - Appellee*

———————

Appeal from United States District Court
for the Eastern District of Arkansas - Northern

———————

Submitted: July 20, 2022
Filed: July 22, 2022
[Unpublished]

———————

Before LOKEN, COLLOTON, and ERICKSON, Circuit Judges.

———————

PER CURIAM.

Arkansas resident Terry Foster appeals from the district court's[1] adverse grant of summary judgment in this diversity action against his employer, Rick Shipman Construction, Inc. (Shipman). We affirm the grant of summary judgment, see Holland v. Sam's Club, 487 F.3d 641, 643 (8th Cir. 2007), as well as the subsequent denial of Foster's motion to alter or amend the judgment, see Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1054 (8th Cir. 2002).

Specifically, we agree with the district court that Foster failed to establish a wrongful termination claim under Arkansas law, see Oriental Trading Co. v. Firetti, 236 F.3d 938, 944 (8th Cir. 2001), as he did not prove that Shipman terminated him because of his participation in jury duty. See Palmer v. Arkansas Council on Econ. Educ., 40 S.W.3d 784, 788 (Ark. 2001); Leggett v. Centro, Inc., 887 S.W.2d 523, 524 (Ark. 1994). The undisputed evidence instead showed that Foster was terminated for not going to a job site as directed; and, as an at-will employee, this termination was not unlawful. See Smith v. American Greetings Corp., 804 S.W.2d 683, 684 (Ark. 1991). Contrary to Foster's argument that Shipman changed its rationale for his termination, the record shows that Shipman's reason for terminating Foster remained consistent from the time of his termination through the underlying litigation. See Smith v. Allen Health Sys., 302 F.3d 827, 835 (8th Cir. 2002). Foster also argues that a decision by the Missouri Division of Employment Security has preclusive effect in this litigation, but that decision concerned whether Foster was eligible for unemployment benefits, not whether Shipman had wrongfully terminated him. See Leonard v. Southwestern Bell Corp. Disability Income Plan, 341 F.3d 696, 701 (8th Cir. 2003).

Finally, while Foster raises arguments concerning the district court's dismissal of Janie Brewer's constructive discharge claim, we do not have jurisdiction to

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

consider those arguments, as Brewer did not join the notice of appeal, nor did the notice of appeal otherwise indicate that she intended to appeal her dismissal.  <u>See</u> <u>Moore v. Robertson Fire Protection Dist.</u>, 249 F.3d 786, 788 (8th Cir. 2001).

Accordingly, we affirm.

_____